ESTATE OF KATE S. WILBANKS, DECEASED, VIRGINIA
KATE NICKERSON, PERSONAL REPRESENTATIVE,
PETITIONER v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 6751-88.      Filed March 6, 1990.

*D. William Garrett, Jr.,* for the petitioner.
*Larry D. Anderson,* for the respondent.

OPINION

WHITAKER, *Judge:* This case is before us on petitioner's
motion for summary judgment, as amended, and respon-
dent's cross-motion for summary judgment. In his notice of
deficiency, respondent determined an addition to petitioner's
Federal estate tax under section 6651(a)(1)[1] in the amount of
$54,964.86. Both parties have moved for summary adjudica-
tion in their favor on the issue of whether petitioner is
liable for the section 6651(a)(1) addition to tax. As a
preliminary matter, however, we must decide: (1) Whether
respondent abused his discretion by not approving petition-
er's application for an extension of time within which to file
a Federal estate tax return, and (2) if so, whether good and
sufficient cause existed for granting such extension.

Under Rule 121(b) summary judgment is appropriate only
"if the pleadings, answers to interrogatories, depositions,
admissions, and any other acceptable materials, together
with the affidavits, if any, show that there is no genuine
issue as to any material fact and that a decision may be
rendered as a matter of law." See *Naftel v. Commissioner,*
85 T.C. 527, 529 (1985); *Jacklin v. Commissioner,* 79 T.C.
340, 344 (1982); *Espihoza v. Commissioner,* 78 T.C. 412, 416
(1982). Summary judgment is intended to expedite litigation
by avoiding unnecessary and expensive trials of "phantom

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as
amended and in effect as of the date of decedent's death, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

factual questions." *Cox v. American Fidelity & Casualty Co.,* 249 F.2d 616, 618 (9th Cir. 1957); *Shiosaki v. Commissioner,* 61 T.C. 861, 862 (1974). However, summary judgment is not a substitute for trial; disputed factual issues are not to be resolved in such proceedings. *Espinoza v. Commissioner, supra; Shiosaki v. Commissioner, supra.*

Section 6075(a) states that an estate tax return shall be filed within 9 months after the date of decedent's death. In this case the decedent, who was a resident of Georgia at the time of her death, died on March 6, 1984. Accordingly, decedent's estate tax return was required to be filed by petitioner on or before December 6, 1984.

Between May 9, 1984, and September 28, 1984, D. William Garrett, Jr., petitioner's attorney, communicated on several occasions with Lynn D. Abernathy, manager of respondent's Estate and Gift Tax Group, in Atlanta, Georgia, regarding various matters pertaining to decedent's estate. On September 28, 1984, Mr. Garrett delivered an Application for Certificate Discharging Property Subject to Estate Tax Lien (Form 4422) to Mr. Abernathy. After reviewing such application, Mr. Abernathy provided Mr. Garrett with a Certificate Discharging Property Subject to Estate Tax Lien (Form 792).

An estate tax return showing net estate tax due in the amount of $241,479.81 was filed by petitioner on March 8, 1985, in the office of the Estate and Gift Tax Group in Atlanta, Georgia, by hand delivery to Mr. Abernathy. Accompanying the estate tax return was an Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax (Form 4768) pursuant to which petitioner applied for an extension of time to file under section 6081 and an extension of time to pay under section 6161. In both instances, the extension date requested by petitioner in such application was March 8, 1985. Also on the day the estate tax return was filed, Mr. Garrett wrote two letters to respondent. In one letter, Mr. Garrett requested approval of an extension of time for payment of the amount due after explaining that filing of the estate tax return had been delayed in hopes of selling certain real estate to realize sufficient funds to make such payment. In the other letter, Mr. Garrett offered further explanation of why the return

was filed after the due date and requested a 1-year extension of time for payment of estate tax.[2]

Thereafter, respondent sent petitioner a copy of Form 4768 showing that petitioner's application had been received on March 14, 1985, and completed by respondent on March 15, 1985. Neither the application for an extension of time to file nor the application for an extension of time to pay was approved. In both instances, the reason respondent gave for not approving the applications was because "due 12/6/84." Mr. Garrett telephoned Mr. Abernathy, discussed the disapproval of petitioner's application for extensions, and followed up the telephone communication with a letter dated March 28, 1985.

Pursuant to a "Correction Notice—Amount Due IRS" (Form 4428) dated May 6, 1985, respondent billed petitioner $311,254.25 for estate tax in the amount of $245,172.29, penalty[3] in the amount of $50,260.32, and interest in the amount of $15,821.64. Subsequently, Mr. Garrett and Mr. Abernathy communicated with each other regarding assessment of the addition and interest. In a memorandum dated May 17, 1985, Mr. Abernathy notified the Centralized Service Branch, Closing Unit, that pending an Examination Division determination no addition should have been assessed. Mr. Abernathy also indicated therein that petitioner had been assured that no addition would be determined until all facts surrounding the delinquency were discussed with an estate tax attorney. For those reasons, Mr. Abernathy requested abatement of the addition so that petitioner's "present bill only reflects tax and interest." By letter dated June 3, 1985, respondent informed Mr. Garrett that such abatement had been made, and provided him with a "payoff" figure of $268,435.33. That figure included estate tax in the amount of $245,172.29 and interest through August 31, 1985, in the amount of $23,263.04. Pursuant to a "Statement of Adjustment To Your Account" (Form 4188A) dated July 1, 1985, respondent

[2]Although a payment extension date of Mar. 8, 1985, was requested on Form 4768, petitioner requested a 1-year extension of time for payment in the letter which was submitted to explain its application for an extension of time to file and pay.

[3]Because neither party has indicated otherwise, we assume that the "penalty" consisted at least in part of the sec. 6651(a)(1) addition which is the subject of this case. Hereinafter references will be to the addition to tax rather than the "penalty" since that usage is consistent with sec. 6651(a)(1).

notified petitioner that as of that date the amount due after adjustment for abatement of the addition was $263,546.31.

On August 5, 1985, Mr. Garrett presented Mr. Abernathy another Application for Certificate Discharging Property Subject to Estate Tax Lien (Form 4422). Such application was made pursuant to a contract for the sale of realty by petitioner. Mr. Abernathy approved the application and delivered a Certificate Discharging Property Subject to Estate Tax Lien (Form 792), dated August 14, 1985, to Mr. Garrett.

On August 15, 1985, petitioner issued a check in the amount of $267,144.27 to the Internal Revenue Service as payment for the net estate tax due as reported on the estate tax return and the interest accrued thereon to that date. By letter dated February 4, 1986, respondent informed petitioner that the estate tax return had been selected for examination. Over a year later, the parties reached an agreement regarding the value of certain real property which necessitated an increase in decedent's estate tax. Petitioner subsequently received a copy of a Report of Estate Tax Examination Changes (Form 1273), dated June 26, 1987, which reflected a net estate tax increase in the amount of $29,652.03 and a section 6651(a)(1) addition in the amount of $54,964.86.

By letter dated July 24, 1987, Mr. Garrett confirmed petitioner's agreement with the increase in estate tax but denied petitioner's liability for the addition. In his letter, Mr. Garrett requested reconsideration of the addition and enclosed certain documents regarding petitioner's position with respect thereto. A copy of a Report of Estate Tax Examination Changes (Form 1273), dated August 19, 1987, which reflected only the net estate tax increase in the amount of $29,652.03 and not the section 6651(a)(1) addition, was filed with the State of Georgia Income Tax Unit, Trust and Estate Section. Petitioner subsequently obtained a copy of such report.

On August 20, 1987, Mr. Garrett wrote a letter to respondent with which he enclosed petitioner's payment of all remaining estate tax due and the interest accrued thereon. Mr. Garrett repeated in such letter his request for reconsideration of the addition to tax, and further requested

prompt issuance of a notice of deficiency if such reconsideration was not to be forthcoming. On December 22, 1987, Mr. Garrett wrote a letter to respondent's District Director in Atlanta, Georgia, regarding the section 6651(a)(1) addition. The District Director responded to Mr. Garrett by letter dated January 20, 1988.

On January 6, 1988, respondent issued a notice of deficiency pursuant to which he determined an addition to petitioner's Federal estate tax under section 6651(a)(1) in the amount of $54,964.86. Petitioner filed a timely petition with this Court. On September 16, 1988, petitioner paid the addition and accrued interest thereon ($81,361.22), but informed respondent that petitioner's liability for such addition remained in dispute.

In support of its motion for summary judgment, petitioner argues, in effect, that respondent abused his discretion by not approving petitioner's application for an extension of time to file. In that connection, petitioner alleges that respondent disapproved its application for an extension without considering the grounds upon which such application was based. Petitioner further alleges that respondent disapproved such application because it was made after what otherwise was the due date of decedent's estate tax return. Respondent, on the other hand, argues that he did not abuse his discretion by not approving petitioner's application for an extension of time to file, since such application was made over 3 months after the ordinary due date of decedent's estate tax return.

Whether respondent abused his discretion by not approving petitioner's application for an extension of time to file constitutes a question of fact. *Estate of Gardner v. Commissioner,* 82 T.C. 989, 1000 (1984); *Hospital Corp. of America v. Commissioner,* 81 T.C. 520, 594 (1983); *Foster v. Commissioner,* 80 T.C. 34, 160, 178 (1983), affd. in part and revd. in part 756 F.2d 1430 (9th Cir. 1985), cert. denied 474 U.S. 1055 (1986). Petitioner bears the heavy burden of proving that the disapproval of its application by respondent constituted a plainly arbitrary act. *Kolstad v. United States,* 276 F. Supp. 757, 761 (D. Mont. 1967); *Estate of Gardner v. Commissioner,* T.C. Memo. 1986-380.

As previously noted, decedent's estate tax return was due no later than December 6, 1984, 9 months after her death. Sec. 6075(a). However, section 6081(a) provides that respondent "*may* grant a reasonable extension of time for filing any return * * * required by this title or by regulations."[4] (Emphasis added.) In the case of an income tax return, section 1.6081-1(b)(1), Income Tax Regs., requires that an application for an extension of time to file be made "on or before the due date of such return." Although no such requirement exists for an application for an extension of time to file an estate tax return, *Estate of Gardner v. Commissioner, supra* at 993, section 20.6081-1(b), Estate Tax Regs., plainly provides that such application "should be made before the expiration of the time within which the return otherwise must be filed." Section 20.6081-1(b), Estate Tax Regs., further provides that failure to apply for an extension within such time "may indicate negligence and constitute sufficient cause for denial."

Pursuant to an order of this Court, petitioner amended its motion for summary judgment so as to incorporate an explanation of why the application for an extension of time to file was not made before the original due date of decedent's estate tax return. Petitioner offered the following explanation:

The application for extension of time within which to file the estate tax return pursuant to Section 6081 was not filed before the return's due date because the estate's attorney had been in consistent periodic contact with Mr. Lynn Abernathy, Attorney, Estate and Gift Tax Section of the Internal Revenue Service in Atlanta, Georgia with regard to the size and condition of the estate throughout the period from May 9, 1984, including the due date for filing the return (December 6, 1984) and the date of filing the return, March 8, 1985.

The estate's attorney filed with the tax return a letter giving the reasons for the impossibility or impracticability of filing a reasonably complete return within nine (9) months from the date of death pursuant to Treasury Regulations Section 20.6081-1(a).

---

[4]Sec. 20.6081-1(a), Estate Tax Regs., provides in pertinent part that:

In case it is impossible or impracticable for the executor to file a reasonably complete return within 9 months * * * from the date of death, the district director or the director of a service center may, upon a showing of good and sufficient cause, grant a reasonable extension of time for filing the return required by section 6018. * * *

We find petitioner's explanation to be inadequate. Petitioner seems to suggest that approval of the delay in its application for an extension was implicit in the "consistent periodic contact" between Mr. Garrett and Mr. Abernathy. Apparently in support of that proposition, petitioner asserts in the memorandum supporting its amended motion for summary judgment that: (1) "Communications and cooperation" between Mr. Garrett and Mr. Abernathy indicate a lack of negligence on the part of petitioner, (2) "positive actions" regarding decedent's estate were reported to the Internal Revenue Service, and (3) the Internal Revenue Service was fully cognizant of "the estate's situation" before, during, and after the due date of decedent's estate tax return.

We recognize that Mr. Garrett communicated with Mr. Abernathy regarding various matters pertaining to decedent's estate, including the discharge of certain property subject to estate tax liens, both before and after the due date of decedent's estate tax return. However, petitioner does not contend that respondent authorized or in any way caused the application for an extension to be made after what otherwise was the due date of decedent's estate tax return. Further, petitioner does not direct us to any authority indicating that respondent has an affirmative obligation to remind a taxpayer when to file a return or when to apply for an extension of time to file a return, and we have not found any such authority. Thus, we conclude that petitioner's allegations regarding the "periodic consistent contact" between Mr. Garrett and Mr. Abernathy have no bearing on why petitioner failed to make the application for an extension of time to file within the period when such application should have been made.

The letter which petitioner refers to in the second paragraph of the above-quoted explanation bears on the merits of the application for an extension but not on its timeliness. In that letter, Mr. Garrett attempted to explain why "it was virtually impossible and particularly impractical to file a completed return within nine (9) months of the

date of the decedent's death."[5] However, absent from Mr. Garrett's letter is any explanation of why petitioner failed to apply for an extension until over 3 months after what otherwise was the due date of decedent's estate tax return.

In *United States v. Boyle*, 469 U.S. 241, 249 (1985), the Supreme Court stated:

> Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results. The Government has millions of taxpayers to monitor, and our system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards. Any less rigid standard would risk encouraging a lax attitude toward filing dates. * * * [Fn. ref. omitted.]

The deadline for filing estate tax returns is 9 months after the date of the decedent's death. Sec. 6075(a). Thus, an estate tax return required by section 6018 must be filed by that deadline or within the period of extension granted. Sec. 20.6075-1, Estate Tax Regs.

In this case, petitioner failed to file an estate tax return within 9 months of decedent's death, but filed such return within the period of extension for which application had been made. If petitioner's application had been approved, decedent's estate tax return would have been treated as timely filed. However, petitioner's application for an extension was not approved by respondent. Since petitioner neither made the application for an extension of time to file when such application should have been made, nor offered any plausible explanation for failing to do so, we hold that respondent did not abuse his discretion by not approving petitioner's application.[6]

Petitioner argues in the alternative that respondent exceeded his statutory authority by determining the section 6651(a)(1) addition since such addition had been abated before the notice of deficiency was issued. In that connection, petitioner contends that the prior abatement depended upon respondent's determination that a showing of reasonable cause and a lack of willful neglect had been made

---

[5] Of course, we express no view as to whether the explanation offered by Mr. Garrett constitutes "good and sufficient cause" for granting an extension of time to file. Sec. 20.6081-1(a), Estate Tax Regs.

[6] In view of our holding on the abuse of discretion issue, we need not decide whether "good and sufficient cause" existed for granting an extension of time to file. Sec. 20.6081-1(a), Estate Tax Regs.

because imposition of the section 6651(a)(1) addition is mandatory absent such a showing. Respondent, on the other hand, argues that "it was the understanding of all parties involved that the applicability of the failure to file * * * penalt[y] would not be ascertained until the estate tax return had been audited," and that that was the reason for abatement of the section 6651(a)(1) addition which had been prematurely billed to petitioner. Respondent further argues that no reasonable cause existed for petitioner's failure to timely file decedent's estate tax return.

Section 6651(a)(1) provides for an addition to tax for the failure to timely file a tax return. In order to avoid the addition to tax under section 6651(a)(1), a taxpayer must show both reasonable cause and a lack of willful neglect. *United States v. Boyle, supra* at 245. The term "willful neglect" implies a conscious, intentional failure to file or reckless indifference to the obligation to file.[7] *United States v. Boyle, supra.* A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file his return within the time prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; *United States v. Boyle, supra* at 246; *Estate of Paxton v. Commissioner,* 86 T.C. 785, 819 (1986). Whether the elements which constitute reasonable cause or willful neglect are present in any given situation is a question of fact. *United States v. Boyle, supra* at 249 n. 8; *Coates v. Commissioner,* 234 F.2d 459, 462 (8th Cir. 1956), affg. a Memorandum Opinion of this Court.

Pursuant to a "Correction Notice—Amount Due IRS" (Form 4428) dated May 6, 1985, respondent billed petitioner for an addition to tax under section 6651(a)(1). Respondent subsequently wrote Mr. Garrett a letter indicating that abatement of such addition had been made. Pursuant to "Statement of Adjustment To Your Account" (Form 4188A) dated July 1, 1985, respondent notified petitioner of the amount due after adjustment for abatement of the section 6651(a)(1) addition. After examination of decedent's estate

---

[7]Respondent does not expressly argue that the actions of petitioner constituted "willful neglect," but merely focused upon the "reasonable cause" standard.

tax return,[8] however, respondent determined an estate tax increase and an addition to tax under section 6651(a)(1). Petitioner agreed to the estate tax increase but disputed its liability for the addition to tax. Respondent subsequently issued a notice of deficiency setting forth his determination that petitioner was liable for an addition to tax under section 6651(a)(1).

Petitioner's argument regarding the effect of the abatement, which took place prior to issuance of the notice of deficiency, lacks merit. Petitioner has neither established, nor attempted to establish, the existence of a closing agreement or any other binding agreement which would preclude respondent from subsequently determining a deficiency in or addition to tax. Cf. *Parks v. Commissioner*, 33 T.C. 298, 301-302 (1959); *Miller v. Commissioner*, 23 T.C. 565, 568 (1954), affd. 231 F.2d 8 (5th Cir. 1956). Moreover, we will not normally look behind the notice of deficiency to examine the administrative actions, motives, or policies of respondent. *Raheja v. Commissioner*, 725 F.2d 64, 66 (7th Cir. 1984); *Proesel v. Commissioner*, 73 T.C. 600, 605 (1979); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327 (1974); *Suarez v. Commissioner*, 58 T.C. 792, 813 (1972), overruled in part *Guzzetta v. Commissioner*, 78 T.C. 173, 184 (1982). In this case, no reason exists for us to go behind the notice of deficiency to consider the circumstances of the prior abatement. Accordingly, we conclude that respondent did not exceed his statutory authority by determining an addition to tax under section 6651(a)(1).

Petitioner may ultimately be liable for the section 6651(a)(1) addition, but that is a matter for decision after trial and not on the parties' cross-motions for summary judgment. Petitioner contends that "The record in this case is not void of evidence of the reason the taxpayer failed to file the return in a timely fashion," and that such reason constitutes reasonable cause within the meaning of section 6651(a)(1). To the contrary, respondent contends that no reasonable cause existed for petitioner's failure to timely file decedent's estate tax return. However, the facts regarding

[8]Petitioner construed the Report of Estate Tax Examination Changes dated Aug. 19, 1987, as another abatement of the sec. 6651(a)(1) addition since an adjustment for such addition was not reflected therein.

316

the late filing of decedent's estate tax return are not undisputed; rather, each party relies upon a version of facts which, if proved, supports that party's position. Thus, there remains a factual dispute regarding whether petitioner's failure to timely file decedent's estate tax return was due to reasonable cause and not willful neglect. Consequently, summary judgment with respect to that issue is inappropriate. Rule 121(b); *Elkins v. Commissioner,* 81 T.C. 669, 681-682 (1983).

In sum, petitioner's motion for summary judgment, as amended, will be denied. Respondent's cross-motion for summary judgment will be granted to the extent that respondent seeks summary adjudication in his favor of the abuse of discretion issue. See Rule 121(b) ("A partial summary adjudication may be made which does not dispose of all the issues in the case."). However, said motion will be denied to the extent that respondent seeks summary adjudication in his favor of the issue regarding the addition to tax under section 6651(a)(1).

To reflect the foregoing,

*An appropriate order will be issued.*