ESTATE OF KATE S. WILBANKS, DECEASED, VIRGINIA KATE NICKERSON, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Wilbanks v. Commissioner
Docket No. 6751-88
United States Tax Court
T.C. Memo 1991-45; 1991 Tax Ct. Memo LEXIS 64; 61 T.C.M. (CCH) 1779; T.C.M. (RIA) 91045; February 6, 1991, Filed *64 Decision will be entered for the respondent. Held: Petitioner is liable for the addition to tax under section 6651(a) (1). D. William Garrett, Jr., for the petitioner. Larry D. Anderson, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION After resolving the underlying issues concerning petitioner's Federal estate tax, *65 respondent issued a notice of deficiency determining an addition to tax under section 6651(a)(1)[1] in the amount of $ 54,964.86, which is the only issue to be decided. We hold that the estate is liable for the addition. FINDINGS OF FACT In our two prior opinions in this case on motions for summary judgment and a motion for reconsideration, Estate of Wilbanks v. Commissioner, 94 T.C. 306 (1990), and Estate of Wilbanks v. Commissioner, T.C. Memo 1990-299, we made substantial findings of fact. In the current trial on the merits, some of the facts have been stipulated and are so found. The stipulations and attached exhibits, along with the findings of our prior opinions in this case, are incorporated herein by this reference. For convenience, we will summarize our findings briefly herein, although they are based almost entirely upon the evidence presented in connection with the earlier motions. The decedent, Kate S. Wilbanks, died on March 6, 1984. At the time of her death, decedent was a resident of the State of Georgia. The bulk of the decedent's estate consisted of unimproved real property. A Federal estate tax return was due to be filed 9 months after decedent's death on December 6, 1984. During the month prior to the due date, petitioner's representative, Ms. Nickerson, and petitioner's counsel, Mr. Garrett, discussed the fact that a return had to be filed, and they were aware of the approaching filing deadline. Mr. Garrett advised Ms. Nickerson that, because he was experiencing difficulty in valuing the estate, he would not file the return *66 on time. The return was not filed until March 8, 1985, some 3 months after it was due. Along with the return, Mr. Garrett sent to respondent an Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax. The extension date requested therein was the same day the request was filed -- March 8, 1985. The net estate tax shown to be due was $ 241,479.81. On the same date Mr. Garrett wrote two letters to respondent, stating in one: We have delayed in filing the Estate Tax Return because we thought some of the property would be sold in time to pay the entire obligation at the time of filing. However, our efforts to sell certain property before filing have not produced any bona fide purchasers. Consequently, we have no idea how much more time is going to be required to consummate enough land sales to realize sufficient funds for the payment of the tax.
In another letter, Mr. Garrett stated that it was "virtually impossible" to file a timely return because of the "wide range" of sales and the "total lack of comparable property sales" of real estate during the relevant period of time. The letter also indicated that Mr. Garrett had periodically *67 checked with a realtor prior to the due date of the return "and there was not sufficient information at any one time to make what this filer felt was an accurate estimated fair market price on the real property in the Estate." The record is devoid of any reasonable explanation as to why Mr. Garrett did not file a timely request for extension of time to file. [2]
Respondent did not approve petitioner's extension application because the return was "due 12/6/84." After discussions between the parties, respondent sent petitioner a bill for estate tax due, interest, and a "penalty" in the amount of $ 50,260.32. The "penalty" consisted at least in part of the addition to tax under section 6651(a)(1) for the late filing of the return. Although *68 the record is not clear, it appears that the "penalty" also included an addition to tax under section 6651(a)(2) for the late payment of the amount due in connection therewith. After further discussions, respondent took appropriate steps internally to remove the additions to tax because "the executrix had been assured that the penalties would not be asserted until all facts surrounding the delinquency were discussed with an estate tax attorney" in the Examination Division. Respondent then informed Mr. Garrett that the addition to tax had been abated and provided him with a "payoff" figure of the estate tax plus interest due, which petitioner paid. Over the course of the next several months petitioner cooperated in respondent's audit of the estate tax return, and on June 26, 1987, respondent issued a report reflecting the revised tax and interest due. This report also asserted a section 6651(a)(1) addition to tax in the amount of $ 54,964.86 but no addition to tax under section 6651(a)(2). Petitioner by letter conceded the amounts reflected in this report with the exception of the section 6651(a)(1) addition to tax, stating that it was the "contention [of the personal representative] *69 * * * that 'reasonable cause' [for the late filing] * * * does exist." On August 19, 1987, respondent issued another report reflecting revised tax and interest due, which was identical to the report 2 months earlier, except that it did not contain the section 6651(a)(1) addition to tax. Mr. Garrett subsequently obtained a copy of this report. Petitioner paid the remaining estate tax and interest due, but again disputed any amount that had been asserted for the section 6651(a)(1) addition to tax. On January 6, 1988, respondent issued a statutory notice of deficiency to petitioner, wherein he determined an addition to petitioner's Federal estate tax under section 6651(a)(1) in the amount of $ 54,964.86. Petitioner filed a timely petition with this Court. On September 16, 1988, petitioner paid the addition to tax and accrued interest thereon, but reasserted its dispute as to liability. OPINION In our prior opinions in this case we denied petitioner's motions for summary judgment and for reconsideration, and granted respondent's motion for summary judgment in part, finding that (a) respondent did not abuse his discretion by not approving petitioner's application for an extension *70 of time, Estate of Wilbanks v. Commissioner, 94 T.C. 306, 313 (1990); and (b) respondent did not exceed his statutory authority by determining an addition to tax under section 6651(a)(1) after the earlier abatement of the addition during negotiations between respondent and petitioner, Estate of Wilbanks v. Commissioner, 94 T.C. at 315. We also denied a portion of respondent's cross-motion for summary judgment, because "there remain[ed] a factual dispute regarding whether petitioner's failure to timely file decedent's estate tax return was due to reasonable cause and not willful neglect." Estate of Wilbanks v. Commissioner, 94 T.C. at 316. Therefore, the sole issue before us is whether, for purposes of section 6651(a)(1), petitioner has demonstrated that the late filing was "due to reasonable cause and not due to willful neglect." [3] Petitioner bears the burden of proof. United States v. Boyle, 469 U.S. 241, 246, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and still was unable to file the return on time. Sec. 301.6651-1(c)(1), *71 Proced. & Admin. Regs.; Estate of Wilbanks v. Commissioner, 94 T.C. at 314. Petitioner has failed to convince us that "reasonable cause" existed. First, petitioner contends that respondent's abatement of the addition to tax precluded its reinstatement because it could only have been so abated if there had been a finding by respondent that petitioner's late filing was reasonable. This presumption is incorrect. Section 6404(a)(3) provides in pertinent part that respondent may abate a tax which "is erroneously * * * assessed." In addition, as long as the statute of limitations has not run, respondent has the authority to issue supplemental assessments. Section 6204(a) provides: General Rule. -- The Secretary may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete *72 in any material respect.
Documents in the record indicate that respondent had determined that it was premature to assess the addition to tax under section 6651(a)(1) until after an examination of the surrounding circumstances during audit; thus it was found to be "erroneously assessed" at that point because it was premature. Accordingly, the first assessment was abated and a new assessment was issued for the tax due without the addition to tax. Later, however, when the facts became known -- that there was in fact no reasonable explanation for petitioner's late filing of the application for extension of time or the return -- the previous assessment was "incomplete" in a "material respect," and respondent made a supplemental assessment. Since the statute of limitations had not run, it was within his authority to do so. E.g., Williams v. United States, 373 F. Supp. 71, 81 n.8 (D. Nev. 1973); Crompton-Richmond Co. v. United States, 311 F. Supp. 1184, 1186 n.2 (S.D.N.Y. 1970); Berry v. Westover, 70 F. Supp. 537, 546 (S.D. Cal. 1947). Petitioner also has attempted to make much of Mr. Garrett's contacts with respondent *73 to show that Mr. Garrett was treated unfairly, was misled, and that he behaved reasonably under the circumstances. With regard to the unfairness issue, for example, petitioner spends much of its post-trial brief arguing that abatement of the section 6651(a)(1) addition to tax and its subsequent reinstatement were unfair, because interest was continuing to accrue during the interim. As we stated in our prior opinion, we see nothing in the record to cause us to look behind the notice of deficiency to consider the circumstances of respondent's negotiations with petitioner. Estate of Wilbanks v. Commissioner, 94 T.C. at 315. We also note, however, that petitioner had use of the funds during this same interim period, which seriously erodes any financial damage alleged to have occurred. Petitioner also has failed to meet its burden of proof on the facts. There is very little evidence in the record, other than Mr. Garrett's unproved allegations in his brief, that petitioner in fact experienced an inability to ascertain the value of the estate's assets during the relevant period. While there were a number of self-serving statements during trial by Mr. Garrett to *74 that effect, petitioner did not produce any documents, witnesses, or affidavits to demonstrate that any such difficulty actually existed. Mr. Garrett attempted to use the testimony of the Group Manager of respondent's Examination Division, who worked with Mr. Garrett during the estate's audit, to prove that he experienced difficulty in valuing the property and thus was justified in filing a late return. He used this testimony to show that the real estate market was changing rapidly. This alone, however, does not satisfy us that petitioner was unable to place a reasonable value on the property. We do not know if it was appraised prior to the December due date or, if it were, that such an appraisal did not reflect a reasonable value. While Mr. Garrett may have consulted a real estate agent prior to the due date, we do not know whether such a professional could place a value on the property because we do not have any testimony from such an individual. We do not even have in the record the benefit of live testimony or affidavits from Mr. Garrett concerning his attempts to place a value on the property. To the contrary, we note that, attached to the return as filed on March 8, 1985, *75 were a series of comparable real estate sales used to support the values presented in the return. While the Court copies of these figures are for the most part illegible, we strongly suspect that these comparables were available prior to the due date and could have been used to make a reasonable evaluation. Moreover, even if petitioner had convinced us that Mr. Garrett could not precisely value the property, petitioner has not demonstrated that Mr. Garrett's inability to secure values would constitute "reasonable cause." Petitioner was required to file a timely estate tax return based upon the "'best information available'" and then, if necessary, file an amended return. Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989), quoting Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982). See Beck Chemical Equipment Corp. v. Commissioner, 27 T.C. 840, 859-860 (1957). Petitioner's contention that most of the estate's assets consisted of real estate that could not be sold immediately to pay a large tax bill does not support its argument that it was impossible to file a timely return. We are not convinced from *76 the evidence in the record that petitioner was in fact unable to pay, although we note that respondent ultimately did not assert the section 6651(a)(2) addition to tax. We are convinced, however, that petitioner had an opportunity to obtain comparable values in order to file a timely return, as evidenced by the "comparables" attached to the return as filed. Mr. Garrett could easily have used these values in valuing the property in question, and then, if they proved to be inaccurate, later filed supplemental information with the correct values. See sec. 20.6081-1(c), Estate Tax Regs. Accordingly, petitioner had sufficient information with which to prepare a timely return and did not have reasonable cause for filing a late return. Finally, we note that petitioner must bear the responsibility for Mr. Garrett's error in failing to file either a timely return or a timely motion for extension of time. The Supreme Court has made it clear that reliance upon an advisor to prepare and file a timely return does not constitute reasonable cause for purposes of section 6651(a)(1). United States v. Boyle, 469 U.S. 241, 250-251, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). It was also unreasonable for petitioner *77 to rely upon Mr. Garrett's erroneous advice that no additions to tax for failure to file would be incurred. United States v. Boyle, supra at 252-253; Jackson v. Commissioner, 86 T.C. 492, 538-539 (1986), affd. 864 F.2d 1521 (10th Cir. 1989). We sense that much of this entire proceeding, including petitioner's motion for summary judgment, its motion for reconsideration, and the trial on the merits, may have been an attempt on Mr. Garrett's part to compensate for his earlier mistake in missing an important filing deadline. We would direct his attention to section 6673(a)(1) and (2) in connection therewith for any further dealings he may have with the courts on tax matters, although we do not intend to impose any sanctions under that section at this time. Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect as of the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Mr. Garrett stated during trial that the filing deadline "slipped [his] mind completely." Apparently he believed that such an error would relieve him of responsibility for meeting filing deadlines. His statement is not evidence, but even if it were it would not help petitioner.↩
3. No one in this proceeding has contended that "willful neglect" was present. Therefore we will not address that issue.↩