THOMAS A. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 19775-87
United States Tax Court
T.C. Memo 1990-115; 1990 Tax Ct. Memo LEXIS 115; 59 T.C.M. (CCH) 41; T.C.M. (RIA) 90115; March 7, 1990
Robert J. Percy, for the petitioner. Stephen C. Best, for the respondent. WRIGHT
*155 MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge; By notice of deficiency dated April 1, 1987, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6661 [1]
Sec. 6653(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 16,684
$   n/a   $ 834.20
$    n/a  n/a
1981
11,695
n/a   n/a
584.75
*
1982
38,894
9,723.50
n/a
1,944.70
*
1983
31,859
7,964.75
n/a
1,592.95
*
1984
23,574
5,893.50
n/a
1,178.70
*
*117 *156 Petitioner concedes that he is not entitled to deductions under section 170(a) for claimed charitable contributions to the Universal Life Church during the years at issue. After additional concessions by both petitioner and respondent, the remaining issues for decision are: (1) Whether petitioner is entitled to deduct claimed tax return preparation expenses under section 212(3) for taxable year 1980; (2) Whether petitioner is liable for the additions to tax under sections 6653(a), 6653(a)(1), 6653(a)(2), and 6661; and (3) Whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Vernon, Connecticut, when he filed his petition. Petitioner has a bachelor's degree in mathematics and a master's degree in psychology. He has also trained as an actuary. During the years at issue petitioner was the sole employee of AJAI Consulting Company, a business trust which he established in 1978 in order to market his services as a stock analyst and management consultant. During the taxable *118 years at issue petitioner's salary was $ 130,791.40, $ 188,572.33, $ 128,484.62, $ 121,098.00, and $ 99,488.00, respectively. In 1978, petitioner attended a weekend seminar presented by the "Tax Information Center" located in Butler, Pennsylvania. Among the tax planning methods discussed at the seminar was the use of an inter vivos revocable trust. On November 18, 1978, petitioner, who is single and has no children, created a revocable grantor trust (hereinafter "the trust") with himself as settlor and trustee. Petitioner transferred his car, home, and furnishings to the trust. During the years at issue the trust maintained a checking account over which petitioner had sole signatory authority. Petitioner, who did not have a personal checking account, paid his personal expenses primarily through the trust checking account. Petitioner regularly deposited his wages into the trust checking account. During the Tax Information Center seminar petitioner learned of the Universal Life Church, Inc. of Modesto, California (hereinafter "the ULC of Modesto"), and was informed that it was an exempt charitable organization. In 1979, petitioner organized a local chapter of the Universal *119 Life Church, Inc. (the local chapter will hereinafter be referred to as "the ULC"). During the years at issue petitioner maintained a checking account in the name of the ULC over which he had sole signatory authority. Petitioner paid personal expenses from the ULC checking account, which was funded with checks drawn on the trust checking account. The ULC checking account was the depository of the amounts claimed as charitable deductions in 1980, 1981, 1982. In 1983, petitioner opened a brokerage account in the name of the ULC at Arbour Securities, Inc. The brokerage account, over which petitioner and a close friend had trading authority, was the depository of the amounts claimed as charitable deductions by petitioner during 1983 and 1984 as well as amounts previously deposited in the ULC checking account. During 1983 and 1984, the brokerage account was worth as much as $ 250,000. For the years at issue the trust claimed deductions on its fiduciary income tax returns for contributions to exempt organizations of $ 31,853, $ 27,131, $ 67,157, $ 62,219, and $ 51,236, respectively. The trust did not identify the beneficiary of the claimed charitable contributions on any of its *120 returns. During the years at issue petitioner forwarded no funds ot the ULC of Modesto except for dues and an initial fee to get a ULC charter. The ULC of Modesto had no control over, or ownership interest in, any of the funds for which petitioner claimed deductions. Petitioner concedes that he made no actual charitable contributions other than $ 890 which was contributed to various local organization between 1980 and 1983. In 1980, petitioner paid the Tax Information Center $ 1,000 for the preparation of his 1979 personal income tax return and the 1979 fiduciary income tax return for the trust. OPINION
Tax Planning Fees
Expenses paid or incurred by a taxpayer for tax counsel or for the preparation of his Federal income tax returns are deductible under section 212(3). See sec. 1.212-1(1), Income Tax Regs. Respondent concedes that in 1980 petitioner paid the Tax Information Center $ 1,000 through the trust checking account. Respondent also concedes that the Tax Information Center prepared petitioner's 1979 Federal income tax return and the trust's 1979 Federal fiduciary income tax return. However, respondent argues *157 that a portion *121 of the payment was made in exchange for trust materials, rather than for tax counsel or the preparation of returns. Such portion, respondent contends, is not deductible. See Contini v. Commissioner, 76 T.C. 447 (1981). Petitioner bears the burden of proving he is entitled to the claimed deduction. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioner testified that in 1980 his only contact with the Tax Information Center, aside from receiving unsolicited mailings on real estate investment opportunities, was for the preparation of his 1979 personal and fiduciary income tax returns. We found petitioner's testimony in this regard to be credible and consistent. With regard to respondent's assertion that the $ 1,000 payment made in 1980 was made in part for trust materials, we note that the trust was executed on November 18, 1978, over a year prior to the payment at issue. Because respondent concedes that petitioner made the payment and that the Tax Information Center prepared his returns, and because respondent failed to discredit petitioner's testimony that he received no other service in exchange for the payment, we hold that petitioner *122 is entitled to a deduction of $ 1,000 in taxable year 1980 for the preparation of the 1979 returns. Additions to Tax
Negligence or Intentional Disregard of Rules or Regulations
Section 6653(a) and, beginning with taxable year 1981, section 6653(a)(1) provide for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or the intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Negligence under section 6653(a) is the lack of due care or failure to act as a reasonable person would act under the same circumstances where there is a legal duty to act. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proof with respect to additions to tax for negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972). We have repeatedly held that taxpayers who claim false charitable contributions to the Universal Life *123 Church are liable for the section 6653 additions to tax. Davis v. Commissioner, 81 T.C. 806, 816 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Petitioner argues that the addition to tax for negligence is generally not imposed on a taxpayer who claims deductions in good faith in reliance on the advice of a competent tax adviser. E.g., Woodbury v. Commissioner, 49 T.C. 180 (1967); see also Otis v. Commissioner, 73 T.C. 671, 675 (1980), affd. without published opinion 665 F.2d 1053 (9th Cir. 1981). Petitioner has failed to prove that he relied on a competent tax advisor, and we therefore reject this argument. Petitioner next argues that, notwithstanding the enumerable cases disallowing charitable contributions to chapters of the Universal Life Church, he reasonably believed that the claimed charitable contributions were legitimate deductions, and therefore he should not be liable for the additions to tax under section 6653(a). Petitioner testified that in claiming the charitable contributions he reasonably relied on: (1) an audit of his 1979 Federal income tax return, during which *124 respondent did not challenge the charitable deductions claimed for that year; (2) the tax exempt status of the ULC of Modesto; and (3) a letter from an attorney concerning the tax status of local chapters of the ULC of Modesto. With respect to the 1979 audit, we have previously dismissed similar arguments. Jackson v. Commissioner, T.C. Memo. 1988-143. Determinations by respondent are not judicial in nature, but rather are administrative determinations, and are not res judicata to bind him for subsequent years, or for that matter, the same taxable year. With respect to petitioner's reliance on the tax exempt status of the ULC of Modesto, this argument has also been rejected by this Court. Davis v. Commissioner, supra at 818. We are not ruling upon the tax exempt status of the ULC of Modesto. Petitioner concedes he failed to make any contributions to such organization. We also find that petitioner's claimed reliance on a letter from an attorney was not reasonable. First, the letter in question was not directed to petitioner. Second, petitioner could not recall the year he allegedly spoke to the attorney nor when he received the claimed *125 written material. Third, we note that the letter does not set forth the attorney's address, phone number, or any other information which would allow verification of its contents. Finally, the letter in question states that contributions to a local branch of the ULC of Modesto would qualify under section 170(c)(2) only if: (1) gifts to the local chapter were irrevocably committed to church purposes; (2) the ULC of Modesto had ultimate control of the disposition of the funds; and (3) a *158 congregation was not a separate legal entity, but rather a part of the ULC of Modesto. These conditions were not met in the instant case. We find that the qualifications noted in the letter would have put a reasonable person on notice that the purported contributions were not deductible. In any case, petitioner's claimed charitable contributions fail to meet virtually every test of section 170(c)(2). See Davis v. Commissioner, supra at 817, 821. We conclude that it was unreasonable for petitioner to think he could deduct amounts he deposited into an account over which he retained complete control and from which he paid personal expenses. Because petitioner has failed *126 to carry his burden of proving that he was not negligent in claiming the disallowed charitable contributions, we uphold respondent's determination with respect to the additions to tax under sections 6653(a), 6653(a)(1), and 6653(a)(2). Substantial Understatement of Income Tax
Section 6661 provides that where there is a substantial understatement of income tax for any taxable year, there is added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). There is a substantial understatement under section 6661(b)(1)(A) if the amount of tax required to be shown on the return exceeds the amount of tax which is actually shown on the return by the greater of 10 percent of the tax required to be shown, or $ 5,000. The addition to tax imposed by section 6661(a) may be reduced only if petitioner shows that his position was supported by substantial authority or that he disclosed facts relevant to his position on the returns for the years in question. Sec. 6661(b)(2)(B). The numerical requirements of section 6661 are satisfied for taxable years 1982, 1983, and 1984. *127 Petitioner's position was not supported by substantial authority. Furthermore, petitioner did not disclose facts relevant to his position on the returns in question. Thus, the relief allowed by section 6661(b)(2)(B) is not available to petitioner. We therefore uphold respondent's determination with respect to the addition to tax under section 6661. Damages Under Section 6673
Section 6673 provides that whenever it appears that proceedings before this Court have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administration remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. Further as to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000, Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106. Petitioner argues that an award of damages under section 6673 is inappropriate because: (1) he conceded *128 prior to trial that he was not entitled to the claimed charitable deductions; and (2) he prevailed with respect to the contested deduction of his payment for preparation of the 1979 returns. We have previously held that a taxpayer may not escape liability under section 6673 merely because he has another issue to be decided. Mulvaney v. Commissioner, T.C. Memo. 1988-243. Nor should a taxpayer be allowed to escape such liability because he has conceded an issue which he would certainly have lost where the remaining issues are frivolous or groundless. However, we find that for various reasons this is not an appropriate case for the awarding of damages under section 6673. First, we note that through the stipulation of facts respondent conceded that petitioner was entitled to additional itemized deductions and capital loss carryovers for the years at issue. Second, petitioner has prevailed with respect to his claimed deduction under section 212(3) for the preparation of his 1979 returns. Thus, petitioner had valid reasons for pursuing this action which were unrelated to his claimed charitable deductions. Third, we note that there are no indications that petitioner *129 sought to delay the proceedings. At trial petitioner was candid and cooperative. Finally, we feel that petitioner's concession that he was not entitled to charitable deductions for the years at issue, while not determinative, does carry some weight. In conclusion, we decline to award damages to the United States under section 6673 on this record. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the deficiency. ↩