Thomas A. JOHNSON

v.

UNITED STATES of America.

Civil No. 3:94CV1853 (AHN).

United States District Court,
D. Connecticut.

March 18, 1996.

Thomas A. Johnson, Vernon, Connecticut, pro se.

Beth Westerman, U.S. Dept. of Justice, Tax Division, Washington, DC, for defendant.

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

NEVAS, District Judge.

The plaintiff, Thomas A. Johnson ("Johnson"), brings this action *pro se* against the United States to obtain a refund of amounts collected and applied to his tax liabilities for the 1984 tax year by the Internal Revenue Service ("IRS"). Johnson contends that the IRS failed to make a legal assessment on December 19, 1991 against his 1984 tax year.

Presently pending are the United States' and Johnson's motions for summary judgment. For the reasons set forth below, the United States' Motion for Summary Judgment [doc # 11] is GRANTED, and John-son's Motion for Summary Judgment [doc. # 17] is DENIED.

### STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact.' " *Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich*, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992).

The movant's burden does not shift when cross-motions for summary judgment are before the court; rather, each motion must be judged on its own merits. *See Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 313–14 (2d Cir.1981). The mere fact that both parties insist that no material is-

sues of fact exist "does not establish that a trial is unnecessary...." 10A Charles A. Wright, Arthur A. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2720, at 17 (2d ed.1983). Indeed, "[c]ross motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified...." *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3rd Cir.1968). *See also Home Ins. Co. v. Aetna Casualty & Sur. Co.*, 528 F.2d 1388, 1390 (2d Cir.1976) (even though both sides seek summary judgment in a case, it "does not [become] more readily available.").

### FACTS

The court finds the following relevant facts. On April 1, 1987, the IRS issued a notice of deficiency to Johnson for the tax years 1980 through 1984. (*See* Def.'s Statement Undisputed Mat. Facts at 1 [hereinafter "Def.'s Mat. Facts"].) On March 7, 1990, the Tax Court determined the deficiencies due from Johnson for this four year period. *See Johnson v. Commissioner*, 59 T.C.M. (CCH) 41, 1990 WL 20138 (1990).

On September 24, 1990, the IRS assessed the deficiencies determined by the Tax Court decision ("original assessment"). On July 9, 1991, the IRS filed a notice of federal tax lien, based on the original assessment. (*See* Def.'s Mat. Facts at 2.)

On August 12, 1991, Johnson filed suit in the United States District Court, District of Connecticut, and alleged that the original assessment was premature in violation of 26 U.S.C. §§ 6213(a) & 7481(a)(1), and requested a court order to remove the liens against his property. (*Id.*; *Johnson v. United States*, Civ. No. 2:91CV00724(PCD), 1992 WL 391388 (D.Conn. Aug. 19, 1992).)

On December 19, 1991, the IRS again assessed Johnson for the 1984 deficiency. (*See* Def.'s Mat. Facts at 2, 3 n. 4.) On August 19, 1992, the district court granted summary judgment in favor of the United States. (*Id.* at 3; *Johnson*, 1992 WL 391388, at *2.) On February 3, 1992, the IRS abated the origi-

nal assessment. (*See* Am.Compl. ¶ 9; Answer Am.Compl. ¶ 9.)

On March 31, 1993, the Court of Appeals for the Second Circuit reversed the district court and found the original assessment void pursuant to section 6213(a) because it was filed before the Tax Court decision became final under section 7481(a)(1). *See Johnson v. United States*, 990 F.2d 41, 42–43 (2d Cir.1993).

On November 2, 1994, Johnson filed the present action.

### DISCUSSION

The United States contends that the second assessment of December 19, 1991 is valid for two reasons. First, it contends that the second assessment is a valid supplemental assessment under 26 U.S.C. § 6204(a). Second, in the alternative, it argues that it need not rely on section 6204(a) as a basis for assessing Johnson's 1984 tax liability because nothing in the tax code prohibits the IRS from simply reassessing tax liability for a given year when the limitations period for that year has not yet expired.

Johnson raises three challenges to the second assessment. The court addresses his challenges seriatim.

### I. *Existence of Second Assessment*

First, Johnson argues that a genuine issue of material fact exists as to whether the IRS ever made the second assessment. The United States argues that a Certificate of Assessments and Payments (Form 4030), (*see* Def.'s Mem.Support Mot.Summ.J. at 14–15), is sufficient evidence that the IRS made the second assessment. The court agrees. *See United States v. Lorson Elec. Co., Inc.*, 480 F.2d 554, 555–556 (2d Cir.1973). *See also Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992); *United States v. Chila*, 871 F.2d 1015, 1017–1018 (11th Cir.1989), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *United States v. Dixon*, 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd*, 849 F.2d 1478 (11th Cir.1988).

Because Form 4030 is an official document that establishes that the IRS actually made the second assessment, and because Johnson

has failed to produce any evidence to the contrary, the court finds that a second assessment of Johnson's liability for the 1984 tax year was made on December 19, 1991. *See Hughes,* 953 F.2d at 535.

## II. *Validity of Second Assessment as a Supplemental Assessment*

■ Second, Johnson argues that, if the second assessment was a supplemental assessment under section 6204(a), it nevertheless is illegal because the IRS had not determined with certainty at the time that it made the second assessment that the original assessment was imperfect or incomplete in any material respect. The United States argues that Johnson's suit challenging the original assessment as premature under sections 6213(a) and 7481(a)(1), *see Johnson,* 1992 WL 391388, put it on notice that a material defect might exist in that assessment. Consequently, it contends that the possibility of a defect in the original assessment warranted a supplemental assessment to correct such a defect, even though the Second Circuit did not confirm that a defect existed until well after the IRS made the second assessment. *See Johnson,* 990 F.2d at 42–43. The court agrees.

Section 6204(a) provides that "[t]he Secretary may, *at any time within the period prescribed for assessment,* make a supplemental assessment *whenever it is ascertained* that any assessment is *imperfect or incomplete in any material respect.*" 26 U.S.C. § 6204(a) (1988) (emphasis added).

Here, the IRS made the original assessment on September 24, 1990, before the Tax Court decision of August 2, 1990 became final on October 31, 1990. *See* 26 U.S.C. § 7481(a)(1) (1988) (tax court decisions become final upon expiration of 90–day period allowed for filing notice of appeal.) Johnson filed suit on August 12, 1991, alleging that the original assessment was invalid because the IRS assessed the deficiency prior to the Tax Court's decision becoming final, in violation of section 6213(a). *See* 26 U.S.C. § 6213(a) (1988) ("no assessment of a deficiency ... shall be made ... until the decision of the Tax Court becomes final."). Consequently, the IRS rightly suspected in

August of 1991 that the original assessment could be materially imperfect because it violated section 6213(a). Therefore, it filed the second assessment on December 19, 1991, after the Tax Court decision became final, but before the statute of limitations for the 1984 tax year had expired, to correct this defect in timing.

The plain language of section 6204(a) and relevant caselaw support such corrective action. *See, e.g., Brookhurst, Inc. v. United States,* 931 F.2d 554, 555–57 (9th Cir.1991) (government entitled to collect erroneous refund by supplemental assessment under section 6204(a)), *cert. denied,* 502 U.S. 907, 112 S.Ct. 299, 116 L.Ed.2d 242 (1991); *Estate of Wilbanks v. Commissioner,* 61 T.C.M. (CCH) 1779, 1991 WL 11522 (1991) (commissioner entitled to make a supplemental assessment under section 6204(a) when earlier assessment did not include addition to tax warranted by plaintiff's late filing), *aff'd,* 953 F.2d 651 (11th Cir.1992).

Citing no supporting authority, Johnson would have the court interpret section 6204(a) as permitting supplemental assessments only after a court confirms the existence of a material imperfection in the original assessment. He contends that such a defect was not ascertained until March 31, 1993, · when the Second Circuit found the original assessment to be violative of sections 6213(a) and 7481(a)(1). *See Johnson,* 990 F.2d at 42–43. Therefore, Johnson argues that the December 19, 1991 supplemental assessment was illegal because the IRS could not have ascertained that the original assessment was imperfect in a material respect until after the period for filing a petition for writ of certiorari from the Second Circuit decision had ended, and well after the limitations period expired for the 1984 tax year.

The court refuses to read such a limitation into section 6204(a). The regulation accompanying section 6204(a) establishes that the discretion to determine the sufficiency of assessments rests with IRS officials:

> If any assessment is incomplete or incorrect in any material respect, *the district director or the director of the regional service center,* subject to the restrictions with respect to assessment of deficiencies

in income … taxes, and subject to the applicable period of limitation, *may make a supplemental assessment for the purpose of correcting or completing the original assessment.*

Treas.Reg. § 301.6204–1 (1982) (emphasis added). *See also Brookhurst,* 931 F.2d at 555–57; *Estate of Wilbanks,* 61 T.C.M. (CCH) 1779.

To conclude as Johnson suggests effectively would strip the IRS of this discretion and unduly hamper the collection of taxes. *See, e.g., Berry v. Westover,* 70 F.Supp. 537, 545 (S.D.Cal.1947) (citing IRS's power to make reassessments and noting "Congress has seen fit to surround, with many safeguards, the process of collection of the revenue by which our government is sustained…. It is necessary to the maintenance of government that the collection of taxes … shall not be hindered or delayed, either by those who are charged with their payment, or by the courts in their behalf.") (citations and internal quotation marks omitted).

Accordingly, the court concludes that the second assessment on December 19, 1991 was a valid supplemental assessment under section 6204(a). Therefore, it need not address Johnson's third argument that the second assessment was not a valid reassessment.

*CONCLUSION*

For the foregoing reasons, the United States' Motion for Summary Judgment [doc. # 11] is hereby GRANTED and Johnson's Motion for Summary Judgment [doc. # 17] is hereby DENIED.

SO ORDERED.