**Thomas A. JOHNSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, acting by and through Department of Treasury IRS, Defendant–Appellee.**

**No. 1208, Docket 96–6139.**

United States Court of Appeals, Second Circuit.

Argued March 5, 1997.

Decided July 30, 1997.

Before WALKER, McLAUGHLIN, and WOOD, Jr.,* Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal raises the issue of whether the Internal Revenue Service ("IRS") may make a supplemental assessment pursuant to 26 U.S.C. § 6204 while litigating the validity of the original underlying assessment. The plaintiff-appellant Thomas A. Johnson ("Johnson") filed an action to quiet title, seeking to set aside a tax lien which the IRS had filed against his property. Although the IRS answered Johnson's complaint, in part, by denying that the lien was invalid, the IRS made a second assessment and partially abated the first while the quiet title action was pending. After he prevailed in his quiet title action, Johnson filed this action seeking a refund of the money which the IRS collected on the ground that neither the first nor the second assessment was valid. The district court granted summary judgment in favor of the United States, holding that the second assessment constituted a valid supplemental assessment. We affirm.

## I. BACKGROUND

On April 1, 1987, the IRS notified Johnson of income tax deficiencies for tax years 1980 through 1984. Johnson contested the deficiencies in Tax Court, but the Tax Court ultimately entered a decision against him, determining the deficiencies for this period. *Johnson v. Commissioner*, 59 T.C.M. (CCH) 41, 1990 WL 20138 (T.C.1990). The IRS assessed these deficiencies and filed a federal tax lien based on the assessments. However, in violation of 26 U.S.C. § 6213(a), it failed to wait until the 90–day appeal period expired and the Tax Court judgment became final before making the assessments. Thus, Johnson filed a quiet title action in the United States District Court for the District of Connecticut, claiming that the underlying tax assessments were invalid. *Johnson v. United States*, No. 2:91CV00724(PCD), 1992 WL

Thomas A. Johnson, pro se, Vernon, CT, for Appellant.

Teresa E. McLaughlin, Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Washington, DC, Carol Barthel, Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, on brief, Christopher F. Droney, United States Attorney, of counsel), for Appellee.

* Harlington Wood, Jr., Senior Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

**702**

391388 (D.Conn. Aug.19, 1992). The IRS answered Johnson's complaint, in part, denying that the assessments were invalid.

However, on December 19, 1991, while the quiet title action was pending, the IRS assessed the 1984 deficiency a second time. (The statute of limitations for assessing the deficiencies for the other four years had expired.) The only difference between the amount of the first assessment and the amount of the second assessment was attributable to the interest that had accrued on the liability between the two assessments. On February 3, 1991, the IRS abated the first assessment for the 1984 deficiency, leaving only the second assessment in place. At the time the IRS abated the assessment, the quiet title action was still proceeding.

This court, eventually, found the first assessment void because it was premature, and, consequently, Johnson prevailed in his quiet title suit. *Johnson v. United States*, 990 F.2d 41, 42–43 (2d Cir.1993). Johnson then filed the present action, seeking a refund of the money that the IRS collected and applied to his 1984 tax liability. He reasons that the IRS improperly collected the funds without first assessing a tax deficiency because the second assessment was also invalid. The district court granted summary judgment in favor of the IRS, *Johnson v. United States*, 927 F.Supp. 36, 40 (D.Conn.1996), and Johnson appealed.

## II. DISCUSSION

■ We review a district court order granting summary judgment *de novo*. *See Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Miner*, 999 F.2d at 661. The facts, as set forth above, are largely undisputed. Thus, we must determine whether those facts establish that the IRS is entitled to judgment as a matter of law.

■ The IRS may use its lien and levy powers to collect a tax deficiency only if it first makes a valid assessment, provides notice of the deficiency to the taxpayer and provides notice and demand for payment of the assessed tax. *See Brewer v. United States*, 764 F.Supp. 309, 315 (S.D.N.Y.1991). A panel of this court already has determined that the first assessment was invalid. Thus, Johnson is entitled to a refund unless the second assessment was valid. The district court determined that the second assessment was a valid supplemental assessment pursuant to 26 U.S.C. § 6204(a), which allows the Secretary to supplement an assessment within the prescribed limitations period whenever "it is ascertained that any assessment is imperfect or incomplete in any material respect." Because the court found that the second assessment was a valid supplemental assessment, the court held that the IRS could collect the 1984 tax deficiency and was entitled to judgment as a matter of law. *Johnson v. United States*, 927 F.Supp. 36, 40 (D.Conn.1996).

■ Johnson does not dispute that the IRS made the second assessment within the prescribed period. However, Johnson argues that the IRS failed to comply with the terms of § 6204(a) because it could not have "ascertained" that the first assessment was imperfect or incomplete in any material respect while it was litigating the validity of the first assessment. Essentially, he argues that where the IRS has taken one position in litigation (i.e., that the first assessment was valid), it should be estopped from acting on an inconsistent position (i.e., that the first assessment was incomplete or materially imperfect, necessitating a supplemental assessment under § 6204). Johnson cites no authority to support his estoppel argument. Rather, he maintains that the plain meaning of § 6204's statutory language compels this result.

■ Although Johnson's argument has some intuitive appeal, we cannot adopt his interpretation of § 6204. In determining the meaning of a statute, courts must look not only to the particular statutory language, but also to the design of the statute as a whole and to its object and policy. *See Crandon v.*

*United States,* 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990). Thus, the "appropriate methodology" to employ in interpreting a statute is to look to the common sense of the statute, to its purpose, to the practical consequences of the suggested interpretations, and to the agency's own interpretation for what light each might shed. *See New York State Comm'n on Cable Television v. FCC,* 571 F.2d 95, 98 (2d Cir.1978).

Following this methodology, we first look to the common-sense meaning of the section. Section 6204(a) provides that:

The Secretary may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect.

26 U.S.C. § 6204(a) (1988). Johnson argues that the plain meaning of "ascertained" requires the IRS to determine "with certainty" that a material defect exists. He concedes that ordinarily under § 6204 the IRS may unilaterally determine with certainty that an assessment is incomplete or imperfect. However, the IRS cannot determine with certainty that a defect exists, he reasons, while it is litigating whether such a defect exists. The IRS, on the other hand, maintains that the natural meaning of the word "ascertained" as used in § 6204 is "discovered." Thus, it reasons that it need only discover the possibility of a defect before making a supplemental assessment and, therefore, can consistently supplement an assessment to cure a potential defect while litigating the validity of the possibly defective assessment.

We agree that Johnson's definition of the word "ascertain" demands too exacting a level of certainty. As Johnson notes, "ascertain" often is defined as finding out for a certainty. However, these definitions also encompass some aspect of discovery to a lesser degree of certainty. *E.g., American*

*Heritage College Dictionary* 79 (3d ed. 1993) (defining ascertain as "To discover with certainty, as through examination or experimentation. See Syns at discover."); *Webster's Third International Dictionary* 126 (1969) (secondarily defining "ascertain" as "To find out or learn for a certainty (as by examination or investigation); make sure of; discover"). Likewise, other courts have recognized the IRS' authority to make a supplemental assessment if it merely "discovers" that an assessment is imperfect or incomplete. *E.g., Clark v. United States,* 63 F.3d 83, 85 n. 1 (1st Cir.1995) ("If the IRS discovers that an assessment 'is imperfect or incomplete in any material respect,' it may correct the problem by making a supplemental assessment. . . ."); *O'Bryant v. United States,* 49 F.3d 340, 342 (7th Cir.1995) ("If the IRS discovers that 'any assessment is imperfect or incomplete in any material respect,' it may correct the problem by making a supplemental assessment within [the limitation period]."). Thus, we believe the more natural reading of "ascertained" as used in § 6204 allows the IRS to determine with less than absolute certainty that an assessment may be defective before making a supplemental assessment.[1] Consequently, the IRS may "ascertain" that an assessment is defective for the purposes of making a supplemental assessment while continuing to litigate whether an assessment is defective to a degree of legal certainty.

Moreover, the purpose behind the Internal Revenue Code ("Code"), and in particular its summary collection procedures, and the practical consequences of both parties' interpretations support our reading of § 6204. Section 6204 is part of a series of provisions in the Code which allow the IRS to collect taxes using summary procedures not available to ordinary creditors. *See* 4 Boris I. Bittker and Lawrence Lokken, *Federal Taxation of Income, Estates and Gifts* ¶ 111.6, at 111–143 (2d ed. 1992). Under these summary proce-

---

1. We recognize that the verb "is" in that portion of § 6204 which reads "whenever it is ascertained that any assessment *is* imperfect or incomplete in any material respect" seems to suggest a stronger degree of finality than our reading would appear to require. However, because we conclude that the term "ascertain" requires the IRS to determine with only less

than absolute certainty that an assessment is imperfect, we do not believe that our reading diverges from the common-sense meaning of the statutory language. In practical application, determining with less than absolute certainty that something *is* defective is actually determining that something *may be* defective.

dures, the IRS may invoke its sovereign power to assess unpaid taxes and seize the taxpayer's property to satisfy the assessment without resorting to judicial processes. *See* 26 U.S.C. § 6331; Bittker & Lokken, *supra,* ¶ 111.6, at 111–143. Likewise, under these procedures, an unpaid assessment becomes a lien against all of the taxpayer's property which, unlike an ordinary creditor's lien, may be valid against some transferees and creditors even before it is filed. *See* Bittker and Lokken, *supra,* ¶ 111.6, at 111–146. These provisions as well as others illustrate a congressional intent to provide the IRS with an increased ability to protect and collect revenues due and owing to the government.[2] Indeed, the Supreme Court has explained that the purpose behind these summary collection procedures is to protect the government's paramount interest in collecting taxes:

> The statute might remit the Government to an action at law.... A judgment against [the taxpayer] might be collected by the levy of an execution. But taxes are the life-blood of government, and their prompt and certain availability an imperious need. Time out of mind, therefore, the sovereign has resorted to more drastic means of collection.

*Bull v. United States,* 295 U.S. 247, 259–60, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935).

Contrary to this broad revenue preservation objective, Johnson's reading of § 6204 would limit the IRS' ability to preserve and collect revenue. Johnson's interpretation would require the IRS to wait until litigation concluded before making a supplemental assessment under § 6204 if it sought to defend the validity of an assessment against a taxpayer's challenge. In many such cases the statute of limitations for making assessments and supplemental assessments would expire before any litigation concluded. Thus, Johnson's interpretation of § 6204 effectively would force the IRS to choose between liti-

gating cases which raise close issues and collecting established tax liabilities. There is no practical reason—nor any evidence in the Code itself—to require the IRS to make such a choice. Moreover, a reading which so strictly limits the IRS' ability to collect taxes would not comport with the broad revenue collection and preservation powers set up by the rest of the statutory scheme.

Additionally, such a reading would be inconsistent with the Treasury Department's interpretation of § 6204. In keeping with the statutory objective of revenue preservation, the IRS regulation implementing § 6204 grants the district director or the regional service center director broad discretion to correct or complete an underlying assessment. Specifically, Treasury Regulation § 301.6204–1 provides that:

> If any assessment is incomplete or incorrect in any material respect, the district director or the director of the regional service center, ... subject to the applicable period of limitation, may make a supplemental assessment for the purpose of correcting or completing the original assessment.

Treas.Reg. § 301.6204–1 (1982). In light of the IRS' broad discretion under § 6204 and § 6204's placement among the Code's summary assessment and collection procedures, we believe that Congress intended to allow the IRS to correct errors in assessments by making a curative assessment pursuant to § 6204 whenever it becomes aware of a colorable challenge to the validity of the underlying assessment. Our interpretation of § 6204 comports with the Code's underlying purpose by allowing the IRS to litigate colorable procedural issues without jeopardizing its ability to collect undisputed tax liabilities. Impeding the ability of the IRS to press such issues in the courts would come at a significant public cost, stifling the development of

---

**2.** *See also* 26 U.S.C. § 6851 (authorizing the IRS to collect taxes by summary termination assessment without following normal summary collection procedures if "a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act ... tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or immediately preceding taxable year"); 26 U.S.C. § 6861 (authorizing the IRS to assess a deficiency and demand payment even if the taxpayer is pursuing administrative remedies or litigating before the Tax Court when the IRS believes collection of the deficiency will be "jeopardized by delay").

the Code itself and hindering the IRS's efforts to accurately assess and collect taxes.

Here, Johnson's quiet title action put the IRS on notice of a possible defect in its first assessment of the 1984 deficiency. The IRS supplemented that assessment with the second assessment within the limitations period. Thus, the district court properly concluded that the second assessment was a valid assessment upon which the IRS could collect taxes from Johnson and, accordingly, properly held that the IRS was entitled to judgment as a matter of law. Because we find that the second assessment was a valid supplemental assessment, we need not determine whether the IRS' failure to abate the first assessment before making the second assessment rendered the second assessment invalid as a reassessment, and the district court order granting summary judgment in favor of the IRS is AFFIRMED.