**Robert J. HUNT, Plaintiff–Appellant,**

v.

**Irwin PASTERNACK; Michael Everitt; Bradley Bishop, Defendants–Appellees.**

**No. 97–16853.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1998.

Filed June 2, 1999.

Amended Sept. 28, 1999.

Kevin Koelbel, Hobson & Ringler, Tempe, Arizona, for the plaintiff-Appellant.

Ray Kendall Harris, Fennemore Craig, Phoenix, Arizona, for defendant-appellee Pasternack.

Kimball J. Corson, Horne, Kaplan & Bistrow, Phoenix, Arizona, for defendants-appellees Everitt and Bishop.

Before: SCHROEDER and THOMAS, Circuit Judges, and MOSKOWITZ,[1] District Judge.

---

1. Honorable Barry T. Moskowitz, United States District Court Judge for the Southern

District of California, sitting by designation.

## ORDER

The Opinion filed June 2, 1999 [179 F.3d 683], is amended as follows:

Slip op. page 5377 [179 F.3d at 684–85], beginning with the third sentence, delete all the material between "In *Eales* ... was passed." which ends three lines from the bottom of the page, and insert the following:

In *Eales v. Environmental Lifestyles, Inc.*, 958 F.2d 876 (9th Cir.1992), we considered an infringement claim concerning copyrighted architectural plans. Before Congress adopted the Act, architectural plans were copyrightable as "pictorial, graphic, [or] sculptural works" under 17 U.S.C. § 102(a)(5). Even so, as the case was heard not long after the Act was passed, the *Eales* court endeavored to decide whether the Act had any application to the case before it. The court said:

> Because this case involves a claim of infringement of copyrighted plans, not a structure, the Architectural Works Copyright Protection Act of 1990 ... is inapplicable.

*Id.* at 880 n. 2, *citing* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright,* § 2.08[D][2], at 2–114 n.163.4 (1992). Although this statement implies that the Act applies only to copyrighted structures, the court in *Eales* had no occasion to go beyond determining whether the Act applied to the infringement of plans. It did not consider whether the Act protects works embodied in plans or drawings. Consequently, any conclusion that the Act applies only to structures was unnecessary to our holding in *Eales.*

It is now clear that this dicta in *Eales* is inaccurate. A revised and updated version of Nimmer, the only authority cited by *Eales,* discusses the error. Nimmer quotes the statutory language that the "work" can be "embodied" in "plans or drawings" as well as in a "building." 1 Nimmer § 2.20, at 2–214 n.14.1 (1998). The note goes on to point out that "the Act did not apply in *Eales* because the copyright arose before the Act was passed."

With this amendment, the panel has voted unanimously to deny the Petition for Rehearing En Banc.

The full court was advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R.App. P. 35.

The Petition for Rehearing En Banc is therefore DENIED.

The Motion for Leave to File Letter in Lieu of Amicus Brief is GRANTED. The Motions to Strike Response and to Strike Second Errata are DENIED.

## OPINION

SCHROEDER, Circuit Judge:

Before us for the first time is a question regarding the validity of a copyright under the Architectural Works Copyright Protection Act of 1990 ("the Act"). That statute amended 17 U.S.C. § 102 to add "architectural works" to the categories of works that can be copyrighted. *See* 17 U.S.C. § 102(a)(8). It also defined an "architectural work" as "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101.

The district court granted summary judgment for the defendants in this infringement action on the ground that there could be no valid copyright in the design of a building that had not yet been constructed. The plaintiff had obtained a copyright by submitting his work as embodied in the plans. Because the statute provides that the copyright is in the design as embodied

not only in a building, but alternatively in the architectural plans, we hold that construction of the actual building was not required. We remand for further proceedings.

The project involved in the litigation is an "Organ Stop Pizza" restaurant designed to hold a "Mighty Wurlitzer" organ and located in Mesa, Arizona. The owners of the restaurant, defendants Michael Everitt and Bradley Bishop, originally hired architect Gregory Hitchens to design the new restaurant. Dissatisfied with the plans he prepared, the owners in 1993 hired the plaintiff, Robert J. Hunt. Pursuant to an American Institute of Architects form contract that reserved all copyright rights to the architect, Hunt began work on a design for the restaurant. Soon thereafter, Hunt formed a partnership with Richard Johnson. Together, they prepared plans that the owners also found wanting. The owners then hired a new architect, defendant Irwin Pasternack, to whom the owners showed the Hunt–Johnson plans and other materials. From Pasternack's design, the building was eventually constructed.

Hunt received a copyright registration in early 1995 for the architectural work embodied in the Hunt–Johnson plans that he submitted with his copyright application. Hunt, no longer associated with Johnson, then filed this action later that year for copyright infringement against the owners and Pasternack.

The parties conducted discovery and filed various motions for summary judgment and partial summary judgment. The district court granted defendants' motion for summary judgment and ordered the case dismissed on the ground that Hunt had alleged infringement by the copying of plans that he had never registered for copyright, see 17 U.S.C. § 411(a), and that there could be no infringement of a registered copyright for an "architectural work" that had never been constructed.

The district court, after ruling that the action could not proceed and must be dismissed, went on to advise what its ruling would be on several other issues raised in the motions in the event its judgment were reversed on appeal. None of those issues, either independently or in combination, would dispose of the entire case. They therefore do not provide any alternative ground for affirming the judgment. *Cf. PCCE, Inc. v. United States,* 159 F.3d 425, 427 (9th Cir.1998) (observing that "we can affirm the district court on any grounds supported by the record"). Nor do those other issues bear on the issue of statutory interpretation that the district court considered dispositive. Consequently, we do not consider them to be properly before us in this appeal from the final judgment of dismissal.

The only issue that we must decide is whether the district court erred as a matter of law in ruling that a valid copyright in an architectural work can subsist only in a work that has been constructed. Although we hold that the district court erred, we must acknowledge that we helped lead the district court astray. In *Eales v. Environmental Lifestyles, Inc.,* 958 F.2d 876 (9th Cir.1992), we considered an infringement claim concerning copyrighted architectural plans. Before Congress adopted the Act, architectural plans were copyrightable as "pictorial, graphic, [or] sculptural works" under 17 U.S.C. § 102(a)(5). Even so, as the case was heard not long after the Act was passed, the *Eales* court endeavored to decide whether the Act had any application to the case before it. The court said:

> Because this case involves a claim of infringement of copyrighted plans, not a structure, the Architectural Works Copyright Protection Act of 1990 ... is inapplicable.

*Id.* at 880 n. 2, *citing* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright,* § 2.08[D][2], at 2–114 n.163.4 (1992). Although this statement implies that the Act applies only to copyrighted structures, the court in *Eales* had no occasion to go be-

yond determining whether the Act applied to the infringement of plans. It did not consider whether the Act protects works embodied in plans or drawings. Consequently, any conclusion that the Act applies only to structures was unnecessary to our holding in *Eales*.

It is now clear that this dicta in *Eales* is inaccurate. A revised and updated version of Nimmer, the only authority cited by *Eales*, discusses the error. Nimmer quotes the statutory language that the "work" can be "embodied" in "plans or drawings" as well as in a "building." 1 Nimmer § 2.20, at 2–214 n.14.1 (1998). The note goes on to point out that the Act did not apply in *Eales* because the copyright arose before the Act was passed.

The language of the statute confirms Nimmer's observation. The Act states that it protects the "design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." It is not limited to building designs embodied in constructed buildings.

Congress's definition of "architectural work" is not accidental, but was, in fact, drafted specifically to protect unconstructed works. The House Report bears this conclusion out:

> During the Subcommittee's 1990 hearing, testimony was received that a potential gap in protection may exist where an architectural work has been depicted in plans or drawings, but has not yet been constructed. Since the original definition of architectural work in H.R. 3990 referred only to architectural works "as embodied in" buildings, there was concern that a defendant with access to the plans or drawings could construct an identical building but es-

cape liability so long as the plans or drawings were not copied.

H.R.Rep. No. 101–735, at 19 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6935, 6950. To prevent the described scenario from occurring, Congress redrafted the definition of "architectural work" "so that a work of architecture may be embodied in the built design ... or in plans, drawings, or in 'any tangible medium of expression,' such as a blueprint or computer disk." *Id.* Nimmer explains that the amended definition redressed Congress's concern under the original language that "liability could be avoided by copying the design of a building *via* copying its plans." 1 Nimmer § 2.20, at 2–214 n.14.

The effective date provision of the Act further clarifies that an unconstructed architectural work is not to be denied protection. Specifically, Section 706 of the Act provides that architectural works that have not been constructed before the Act's effective date,[2] but which are embodied in drawings or plans as of the effective date, are protected under the Act against unauthorized copying that occurs on or after the effective date. *See* Architectural Works Copyright Protection Act of 1990, Pub.L. No. 101–650, § 706(2), 104 Stat. 5133, 5134 (1990); H.R.Rep. No. 101–735, at 23, *reprinted in* 1990 U.S.C.C.A.N. at 6954.[3] A fortiori, unconstructed architectural works created after the Act's effective date are entitled to the same protection. The House Report, in its explanation of the effective date provisions, also makes clear that an unconstructed work, embodied only in plans or drawings, can be infringed by a structure that embodies the copied design. *See* H.R.Rep. No. 101–735, at 23 n.53, *reprinted in* 1990 U.S.C.C.A.N. at 6954.

---

**2.** The Act became effective as of its enactment date, December 1, 1990. *See* 17 U.S.C. § 101 note.

**3.** Although not relevant to our purposes here, protection under the Act for "any architectural work that, on the date of the enactment of

this Act [December 1, 1990], is unconstructed and embodied in unpublished plans or drawings ... shall terminate on December 31, 2002, unless the work is constructed by that date." § 706(2), 104 Stat. at 5134.

We also recognize that the district court relied in part upon a literal interpretation of Hunt's complaint that, even as amended, did not expressly allege infringement of an "architectural work," for which a copyright application had been submitted, but only of "plans," for which no copyright application had been submitted. From the record as a whole, however, it is clear that the claimed infringement was of the design of the architectural work, not of a separate copyright in the plans or drawings themselves. *See Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1447 (9th Cir.1997) ("In contrast to a motion to dismiss, courts deciding motions for summary judgment must consider more than the pleadings. Depositions, answers to interrogatories, admissions on file and affidavits must also be evaluated.")

The judgment of the district court is reversed, and the case remanded for further proceedings.

REVERSED AND REMANDED.