The WALT DISNEY COMPANY, a Delaware corporation, et al., Plaintiffs—Appellants,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant—Appellee.

No. 02–55261.

D.C. No. CV–00–08977–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided May 14, 2003.

Rehearing and Rehearing En Banc Denied July 10, 2003.

Before MESKILL,* FERGUSON, and BERZON, Circuit Judges.

## MEMORANDUM**

Appellants Walt Disney Co. and Walt Disney World Co. (collectively "Disney") contend that the District Court erred in granting Appellee American Casualty Co. ("ACC") summary judgment as to all of Disney's claims and denying Disney's motion for partial summary judgment. In addition, Disney asserts that the District Court erred in its application of *Pac. Gas & Elec. Co. v. G.W. Drayage & Rigging Co., Inc.*, 69 Cal.2d 33, 39–40, 69 Cal.Rptr. 561, 442 P.2d 641 (1968) (hereinafter *PG&E*), to this case. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. For the reasons set forth below, we reverse the District Court's decision and remand for further proceedings consistent with this memorandum.

We review a district court's decision to grant or deny summary judgment *de novo*. *Bianchi v. Walker*, 163 F.3d 564, 569 (9th Cir.1998). "Whether [a] contract is reasonably susceptible of a proffered meaning is a matter of law that is reviewed de novo." *Brinderson–Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 277 (9th Cir.1992). Summary judgment is appropriate when "after adequate time for discovery … a party [ ] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106

---

* The Honorable Thomas Meskill, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Under California law, Disney has the burden of establishing that the underlying claim in this case ("the All Pro claim") comes within the scope of the policy provided by ACC ("the Policy"). *See Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 16, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995).

### 1. District Court's Application of *PG&E*

■ Under California law, contract "interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties." *PG&E,* 69 Cal.2d at 39–40, 69 Cal.Rptr. 561, 442 P.2d 641 (citing CAL. CIV.CODE § 1647; CAL. CIV. PROC. § 1860). Under *PG&E,* the District Court was required to consider if Disney's proffered evidence was relevant to show that the terms were "reasonably susceptible" to Disney's suggested interpretation before it concluded that the language was unambiguous on its face. *See PG&E,* 69 Cal.2d at 40, 69 Cal.Rptr. 561, 442 P.2d 641. In the instant case, however, the District Court found that the language of the contract was unambiguous before it considered the preliminary evidence of intent, a finding which it explicitly did not reevaluate in making its summary judgment determination. Instead, the District Court focused solely on the question of whether the parties intended to ascribe a "special meaning" to the terms. The District Court's failure to consider whether the terms were "reasonably susceptible" to Disney's suggested interpretation, as required by *PG&E,* was in error.

### 2. District Court's Grant of Summary Judgment to ACC

■ In general, "[a] policy provision is ambiguous when it can have two or more reasonable constructions." *Safeco Ins. Co. of Am. v. Robert S.,* 26 Cal.4th 758, 763, 110 Cal.Rptr.2d 844, 28 P.3d 889 (2001) (citing *Waller,* 11 Cal.4th at 18, 44 Cal. Rptr.2d 370, 900 P.2d 619.). ACC asserts that the All Pro claim cannot reasonably be construed as a claim arising out of an "utterance or dissemination" of "Matter" as those terms are used in the Policy. However, viewing these terms in their "ordinary and popular sense," *see AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 822, 274 Cal.Rptr. 820, 799 P.2d 1253 (1990) (quoting CAL. CIV.CODE § 1644), the terms are reasonably susceptible to *both* ACC and Disney's proffered constructions and are therefore ambiguous. As modified by the phrase "any medium of expression," the terms "utterance" and "dissemination" can reasonably be understood to include the reproduction of architectural plans or the construction of buildings, and, by extension, the reproduction of a concept for a sports complex. *See, e.g.,* WEBSTER'S NEW INTERNATIONAL UNABRIDGED DICTIONARY 2526 (3d ed.1981) (defining "utter" as "to give public expression to."). Disney's interpretation of the clause does not require us "to indulge in tortured constructions," *see Titan Corp. v. Aetna Cas. & Sur. Co.,* 22 Cal.App.4th 457, 468, 27 Cal.Rptr.2d 476 (1994) (citing *City of Laguna Beach v. Mead Reins. Corp.,* 226 Cal.App.3d 822, 830–31, 276 Cal.Rptr. 438 (1990)), nor does any other portion of the Policy prohibit an interpretation of the term "Matter" which includes architectural concepts or works.[1]

---

1. By contrast, ACC's suggested construction of the term would conflict with the phrase "any medium of expression," which, on its face, does not provide any limitation as to the type of "Matter" covered by the Policy. *See Fireman's Fund Ins. Co. v. Atl. Richfield Co.,* 94 Cal.App.4th 842, 852, 115 Cal.Rptr.2d 26 (2001) ("insurance company's failure to use available language to exclude certain types of liability gives rise to the inference that the parties intended not to so limit coverage.").

Consideration of the contested language's function in the Policy does not resolve the ambiguity, although it does lend support to Disney's suggested construction. *See Bank of the W. v. Superior Court*, 2 Cal.4th 1254, 1265, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992) (insurance policy language must be considered "in context, with regard to its intended function in the policy."). Infringement and statutory copyright actions are understood to include matters relating to both architecture and architectural plans. *See* 17 U.S.C. §§ 101, 102(a); *Hunt v. Pasternack*, 192 F.3d 877, 878 (9th Cir.1999). It is not unreasonable to construe the contested provisions as including claims arising out of these mediums of expression. *See* CAL. CIV.CODE § 1647 (West 2003) ("A contract may be explained by reference to ... the matter to which it relates."); *see also Bank of the W.*, 2 Cal.4th at 1265–66, 10 Cal.Rptr.2d 538, 833 P.2d 545.

Finally, while Disney's extrinsic evidence does not conclusively show that the All Pro claim fell within the intended scope of the Policy, it does support Disney's assertion that the contract is reasonably susceptible to its interpretation. In short, because there are two rational constructions of the contested terms, the terms are ambiguous. The District Court erred in granting summary judgment to ACC on the ground that the Policy was unambiguous on its face.

### 3. District Court's Denial of Partial Summary Judgment for Disney

■ Ambiguous policy provisions are "resolved by interpreting [them] in the sense ... the insurer[ ] believed the promisee understood them at the time of formation." *Safeco*, 26 Cal.4th at 763, 110 Cal.

Rptr.2d 844, 28 P.3d 889 (internal parentheses and quotations omitted); *see also Cont'l Cas. Co. v. Phoenix Constr. Co.*, 46 Cal.2d 423, 437–38, 296 P.2d 801 (1956) ("If the insurer uses language which is uncertain any reasonable doubt will be resolved against it; if the doubt relates to extent or fact of coverage ..., the language will be understood in its most inclusive sense, for the benefit of the insured.") (internal citations omitted).

■ Neither party in this case presented conclusive evidence that the parties contemplated, let alone discussed, whether claims such as All Pro's would be covered under the Policy. However, given that ACC cannot conclusively establish that theme park idea misappropriation claims were not intended to be included under the relevant provision, and given that one of ACC's underwriters testified that, at the time of the contract's formation, she would have believed such a claim was covered,[2] there is a reasonable doubt as to whether Disney reasonably expected the Policy to include claims arising from the misappropriation of a theme park concept or site plan. Given that ACC concedes that its underwriters drafted the Policy, this reasonable doubt must be construed against ACC. *See Safeco*, 26 Cal.4th at 763, 110 Cal.Rptr.2d 844, 28 P.3d 889.

■ Because the ambiguity in the terms of the Policy cannot be resolved by reference to the language of the Policy or the extrinsic evidence, and because it relates to the scope of coverage, the ambiguity in the terms of the Policy must be resolved in favor of Disney. The District Court erred when it determined that the All Pro claim was not an "occurrence" under the Policy

---

**2.** As an agent of ACC, the underwriter's recollections are relevant, although not determinative, on this issue. *See S. Pac. Transp. Co. v.*

*Santa Fe Pac. Pipelines, Inc.*, 74 Cal.App.4th 1232, 1243–44, 88 Cal.Rptr.2d 777 (1999).

and denied Disney's motion for partial summary judgment on this ground.

In conclusion, we hold that Disney has sufficiently established that the All Pro claim comes "within the basic scope" of the Policy's coverage. *See Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 1188, 77 Cal.Rptr.2d 537, 959 P.2d 1213 (1998). We reverse the decision of the District Court and remand for further proceedings on the question of whether ACC can show that the claim falls within one of the Policy's specific exclusions. *See id.*

**REVERSED** and **REMANDED.**