Excelsior COLLEGE, Plaintiff–Appellee,

v.

**Charles M. FRYE, Defendant–Appellant,**

and

**Professional Development Systems School of Health Sciences; et al., Defendants.**

No. 07–55997.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2009.*

Filed Sept. 1, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David P. Miranda, Esq., Heslin Rothenberg Law Firm, Albany, NY, Kenneth C. Simonian, Esq., Huntington Beach, CA, for Plaintiff–Appellee.

Charles M. Frye, Long Beach, CA, pro se.

Kenneth C. Simonian, Esq., Huntington Beach, CA, for Defendants.

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Defendant Charles M. Frye appeals several aspects of the district court's judgment against him following a jury trial on Plaintiff Excelsior College's ("Excelsior") claims of copyright infringement and trade secret misappropriation. We have jurisdiction under 28 U.S.C. § 1291. We conclude that the district court properly granted partial summary judgment in favor of Excelsior and did not abuse its discretion in ruling on the post-trial and pre-trial motions now challenged by Frye. We affirm.

The facts of the case are known to the parties, and we do not repeat them below.

Frye argues that the district court erred in granting partial summary judgment on Excelsior's three claims of copyright infringement of its content guides. We review the district court's grant of summary judgment de novo. *See Enlow v. Salem–Keizer Yellow Cab Co.,* 389 F.3d 802, 811 (9th Cir.2004). We agree with the district court's thorough analysis of Frye's defenses in its May 8, 2006, order. The district court properly granted summary judgment after rejecting Frye's defenses of merger, fair use, implied license and unclean hands.

Frye argues that the district court abused its discretion in excluding some of Frye's evidence and not excluding some of Excelsior's evidence. A district court's evidentiary rulings are "reviewed for abuse of discretion, and the appellant is additionally required to establish that the error was prejudicial." *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir. 2004). We conclude that the district court did not abuse its discretion in excluding Frye's 400 library books because they were not timely disclosed prior to Frye's April 2005 deposition. As such, the district court did not abuse its discretion in excluding Trial Exhibit O1, which had substantial material from the excluded library books. We also conclude that the district court did not abuse its discretion in refusing to sanction Excelsior after a discovery dispute regarding its "Item Writers."

Frye relies on *punitive* damages jurisprudence to argue that the district court abused its discretion in denying his motion to reduce the jury's award of maximum *statutory* damages. We conclude that the district court did not abuse its discretion in declining to reduce the jury's award of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir.2001) ("[T]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." (quotation omitted)).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

■ Frye argues that the district court abused its discretion in denying his motion to reduce the jury's award of Frye's profits. The district court did not abuse its discretion in declining to reduce the jury's award because Frye failed to meet his burden of establishing his deductible expenses. *See* 17 U.S.C. § 504(b); *Eales v. Envtl. Lifestyles, Inc.,* 958 F.2d 876, 881 (9th Cir.1992) ("Any doubt as to the correctness of the profit calculation should ... be resolved in favor of the plaintiff."), *abrogated on other grounds by Hunt v. Pasternack,* 192 F.3d 877 (9th Cir.1999). We reject Frye's argument that the jury's award of profits was already "taken into account in computing the actual damages." *See* 17 U.S.C. § 504(b). The actual damages constituted Excelsior's cost of rewriting its examinations and were independent of Frye's profits.

■ Frye argues that the district court's permanent injunction is too broad because it enjoins lawful activity. "The scope of injunctive relief is reviewed for abuse of discretion." *Idaho Watersheds Project v. Hahn,* 307 F.3d 815, 823 (9th Cir.2002). The district court did not abuse its discretion in crafting a broad injunction after Frye was found liable for *willful* copyright infringement *and* trade secret misappropriation. *See Creative Computing v. Getloaded.com LLC,* 386 F.3d 930, 937 (9th Cir.2004) (upholding an "extraordinarily broad prohibition" when justified by "past egregious conduct").

■ Frye argues that the district court abused its discretion in denying his motion for a new trial based on evidence Frye discovered after trial. Frye fails to meet his burden of showing that he "could not have discovered the evidence sooner through the exercise of reasonable diligence, and that the new evidence is of such magnitude that it would likely have changed the outcome of the case." *See*

*Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 998 (9th Cir.2001). We also reject Frye's argument that a new trial is warranted based on the conduct of Excelsior's counsel. *See Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1192 (9th Cir.2002) ("[W]e will not overrule a district court's ruling about the impact of counsel's alleged misconduct unless we have a definite and firm conviction that the court committed a clear error of judgment." (internal quotation marks omitted)).

To the extent Frye argues that the jury's verdict is not supported by substantial evidence, we disagree. *See Watec Co. v. Liu,* 403 F.3d 645, 651 n. 5 (9th Cir. 2005) ("A jury's verdict must be upheld if supported by substantial evidence.").

**AFFIRMED.**