Robert N. Scola, Jr., United States District Judge
The Plaintiff Tecnoglass, LLC, brings claims of copyright infringement, unfair competition under the Lanham Act, and several state-law causes of action against the Defendant, RC Home Showcase, Inc. (Compl., ECF No. 1.) Tecnoglass asserts that RC Home unlawfully copied its technical drawings and unfairly competed with its business. RC Home asks this Court to dismiss Tecnoglass's Complaint for failure to state a cause of action. (Mot., ECF No. 19). Tecnoglass responded (Resp., ECF No. 26), and RC Home replied (Reply, ECF No. 44). This matter is ripe for the Court's decision. For the reasons set forth in this Order, the Court denies in part and grants in part the Motion (ECF No. 19 ).
1. Background
In November 2013, Tecnoglass acquired intellectual property rights from non-party RC Aluminum Industries, Inc.,[1] including rights related to RC Aluminum's Miami-Dade Notices of Acceptance ("NOA") for various windows, sliding glass doors, and window wall systems. (Compl. ¶ 3, ECF No. 1.). An NOA signifies compliance with the Florida Building Code and indicates that the Miami-Dade County Product Control Approval System has reviewed and approved technical drawings for a particular construction product.[2] (Id. ¶ 4.) Almost a year after Tecnoglass acquired the right to use these NOAs, it initiated litigation in state court against RC Home alleging improper use of a subset of the NOAs acquired from RC Aluminum, which Tecnoglass terms "shared NOAs." (Id. ¶¶ 20-21.) This previous state-court litigation resulted in a settlement agreement. (Id. ¶¶ 21-22.) The settlement agreement provided RC Home limited *1271 rights to use the shared NOAs, subject to termination of those rights after six months. (Id. ¶ 23.)
Now at issue in this case are Tecnoglass's copyright registrations for six technical drawings of window wall systems and sliding glass doors. (Id. ¶ 19.) According to Tecnoglass, RC Home accessed the technical drawings from Tecnoglass's NOAs available on the Miami-Dade County website. (Id. ¶ 29.) RC Home then copied the technical drawings and used the drawings in RC Home's own NOA applications, representing that the technical drawings in its applications belonged to RC Home. (Id. ¶¶ 29-30.) Additionally, RC Home's product designations are similar to those used by Tecnoglass-compare, for example, "Tecnoglass HP3070" with "RC Home FX 370." (Id. ¶ 39.) RC Home has sold its products, which are based on Tecnoglass's designs, to existing, former, and potential Tecnoglass customers. (Id. ¶¶ 40-44.)
Due to RC Home's actions, Tecnoglass submitted expedited applications for copyright registration for six of the technical drawings. (Id. ¶ 47.) The U.S. Copyright Office registered the six technical drawings on September 22, 2016, the same date Tecnoglass filed the applications. (Id. ¶ 48.) Tecnoglass included the copyright registrations as exhibits to the Complaint. (Id. Exs. C-H.)
Based on these facts, the Complaint asserts seven counts against RC Home: (1) Copyright Infringement; (2) Injunction and Temporary Restraining Order; (3) Breach of Contract; (4) Unjust Enrichment; (5) Tortious Interference with Business Relationship; (6) Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (7) Federal Unfair Competition under the Lanham Act. Defendant moves to dismiss, arguing that: (1) Tecnoglass's copyright registrations are invalid as a matter of law; (2) the Lanham Act claim is simply a restated claim for copyright infringement, and therefore preempted by the Copyright Act; (3) as both federal claims are invalid, the Court should decline to exercise supplemental jurisdiction over the state law claims; or (4) in the alternative, if the Court does not dismiss the federal claims, Tecnoglass's FDUTPA claim is preempted by the Copyright Act.
2. Legal Standard
When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. Pielage v. McConnell , 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of *1272 the elements of a cause of action" will not survive dismissal. See Twombly , 550 U.S. at 555, 127 S.Ct. 1955. " Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal , 556 U.S. at 678-79, 129 S.Ct. 1937.
Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. See Twombly , 550 U.S. at 557, 127 S.Ct. 1955. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." Rivell v. Private Health Care Sys., Inc. , 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " Twombly , 550 U.S. at 556, 127 S.Ct. 1955.
3. Analysis
A. Copyright Infringement
To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright, and (2) that the defendant copied protected elements of the copyrighted material without authorization. See Herzog v. Castle Rock Entm't , 193 F.3d 1241, 1247-48 (11th Cir. 1999). RC Home argues the Court should dismiss Tecnoglass's claim for copyright infringement because technical drawings for windows and doors are not subject to copyright protection, and therefore the registrations are invalid as a matter of law.
RC Home attacks prong one of Tecnoglass's prima facie case, ownership of a valid copyright, in two ways. First, RC Home asserts that "[t]he allegations of Tecnoglass'[s] complaint establish that the works at issue were useful articles not subject to copyright." (Mot. at 4.) Second, RC Home argues that the U.S. Copyright Office regulations specifically exclude " 'individual standard features, such as windows, doors, and other staple building components[.]' " (Id. at 7 n.4 (quoting 37 C.F.R. § 202.11(d)(2) ).) Both arguments misinterpret copyright law and erroneously conflate the technical drawings actually at issue with the objects they depict.
As an initial matter, the Copyright Act protects two categories of works related to architecture: (1) "pictorial, graphic, and sculptural works," 17 U.S.C. § 102(a)(5) ; and (2) "architectural works." Id. § 102(a)(8). The Architectural Works Copyright Protection Act (AWCPA), which amended the Copyright Act in 1990, added the second category to distinguish between the "drafting skill and spatial, two-dimensional layout" protected in section 102(a)(5) and the "artistic, three-dimensional creativity" protected in section 102(a)(8). 2 Patry on Copyright § 3:116. Tecnoglass claims copyright in only the technical drawings[3] -in other words, the "pictorial, graphic, and sculptural works" under section 102(a)(5) -and not in the as-built structures of physical windows or doors-in other words, the "architectural works" under section 102(a)(8). (See Resp. at 6; see, e.g. , Compl. ¶¶ 18, 29-30, 32.)
Further, the Copyright Act does not provide blanket protection to all pictorial, graphic, and sculptural works. Instead, the statutory definition limits *1273 copyright protection in two ways: (1) it excludes from protection the "mechanical or utilitarian aspects" of pictorial, graphic, and sculptural works; and (2) it excludes from protection "the design of a useful article" whose specific features remain inseparable from "the utilitarian aspects of the article." 17 U.S.C. § 101. Based on both of these exclusions, "useful articles" generally do not enjoy copyright protection. Progressive Lighting, Inc. v. Lowe's Home Centers, Inc. , 549 Fed.Appx. 913, 921 (11th Cir. 2013) ("Our precedent makes clear that an entire useful article cannot receive copyright protection....").
Returning to RC Home's first argument, RC Home attempts to place Tecnoglass's technical drawings into those exclusions by claiming that the technical drawings are "useful articles." However, the Copyright Act defines "useful article" as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. " 17 U.S.C. § 101 (emphasis added). This statutory definition of "useful article" thus excludes technical drawings. Infodek, Inc. v. Meredith-Webb Printing Co. , 830 F.Supp. 614, 623 (N.D. Ga. 1993) ("[T]he intrinsic function of a technical drawing is to convey information...." (citing Eales v. Envtl. Lifestyles, Inc. , 958 F.2d 876, 879-80 (9th. Cir. 1992) as amended (May 11, 1992), abrogated on other grounds by Hunt v. Pasternack , 179 F.3d 683 (9th Cir. 1999) ) ); see also Applied Concepts Unleashed, Inc. v. Matthews , No. 12-14035-CIV, 2012 WL 12831313, at *7 (S.D. Fla. Oct. 1, 2012) (Hopkins, J.), report and recommendation adopted , No. 12-14035-CIV, 2012 WL 12831544 (S.D. Fla. Oct. 19, 2012) ("Copyright in technical drawings or plans is distinct from copyright in the subject of the drawings."); Stratton v. Upper Playground Enterprises, Inc. , No. CV 09-8796 PSG PJWX, 2010 WL 5313317, at *4 (C.D. Cal. Dec. 16, 2010) (finding that the plaintiff's illustrations of bongs were "nothing but drawn portrayals of that 'useful article,' lacking 'intrinsic utilitarian function[s]' of their own"); M-I LLC v. Stelly , 733 F.Supp.2d 759, 782 (S.D. Tex. 2010) (finding that technical drawings of tools fall within copyright protection and collecting cases where circuit and district courts have determined that architectural and engineering drawings constitute copyrightable material); 1-2A Nimmer on Copyright § 2A.09 (2015) ("architectural plan does not constitute a 'useful article' as defined by the Act").
RC Home's second argument-that copyright regulations specifically exclude "individual standard features, such as windows, doors, and other staple building components"-conflates the copyrighted technical drawings with the actual sliding glass doors and window wall systems depicted in those drawings. The regulation on which RC Home relies, 37 C.F.R. § 202.11(d)(2), relates to the definition of "architectural work"-the second category of works related to architecture protected by section 102(a)(8) of the Copyright Act. In fact, the statutory definition of "architectural work" contains the same exclusionary language:
An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.
17 U.S.C. § 101 (emphasis added).
Again, Tecnoglass asserts copyright protection of technical drawings under section 102(a)(5). As such, section 102(a)(8) is not applicable to this case. See also Eales , 958 F.2d at 880 ("Because this case involves a claim of infringement of copyrighted plans, *1274 not a structure, the [AWCPA amendment] ... is inapplicable."). Further, at least one court has recognized the standard-feature exclusion applies to as-built standard features. See Nat'l Med. Care, Inc. v. Espiritu , 284 F.Supp.2d 424, 435 (S.D. W. Va. 2003) ("This exclusion of individual standard features indicates that Congress did not intend to extend copyright protection to as-built individual standard features." (emphasis added) ). RC Home has not cited to any case law or statutory law that applies the standard-features exception from the definition of "architectural work" to technical drawings protected by section 102(a)(5). Tecnoglass's copyright registrations are presumptively valid.
Tecnoglass must still show that the technical drawings meet the minimum requirements of originality for copyright protection and that Tecnoglass did in fact expressly purchase the copyright rights from RC Aluminum. As RC Home argues, the originality requirement may be difficult to meet for designs largely dictated by building codes. (Mot. at 9-10.) See Feist Publ'ns v. Rural Tel. Serv. Co., Inc. , 499 U.S. 340, 351, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) ("As we have explained, originality is a constitutionally mandated prerequisite for copyright protection."). These issues, however, are questions of fact not appropriate for resolution on a motion to dismiss. See Home Legend, LLC v. Mannington Mills, Inc. , 784 F.3d 1404, 1409 (11th Cir.), cert. denied , --- U.S. ----, 136 S.Ct. 232, 193 L.Ed.2d 132 (2015) ("Whether a work is sufficiently original to merit copyright protection is a question of fact."). Accordingly, the Court denies the motion to dismiss this claim.
B. Lanham Act Unfair Competition
RC Home argues that the Court should dismiss Tecnoglass's Lanham Act claim on preemption grounds. (Mot. at 10-14.) RC Home discusses at length cases that apply section 301(a) of the Copyright Act to preempt state-law claims. While RC Home suggests analysis of these cases is "instructive" (Id. at 12), the Court disagrees. Section 301(d) expressly states "[n]othing in this title annuls or limits any rights or remedies under any other Federal statute." 17 U.S.C. § 301(d). And in fact, at least one case cited by RC Home allowed a Lanham Act claim to survive summary judgment without discussion, while dismissing two state-law claims as preempted by the Copyright Act. See Law Bulletin Publ'g v. LRP Publ'ns, Inc. , No. 98-8122-CIV, 1998 WL 1969648, at *7 (S.D. Fla. June 18, 1998) (Ryskamp, J.).
Still, courts must dismiss Lanham Act claims that amount to no more than a claim for copyright infringement because to "hold otherwise would be akin to finding that [the Lanham Act] created a species of perpetual patent and copyright, which Congress may not do." Dastar Corp. v. Twentieth Century Fox Film Corp. , 539 U.S. 23, 37, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003). Therefore, the Court must decide whether Tecnoglass alleges a claim under the Lanham Act that is more than just a restatement of its copyright claim.
Section 1125(a)(1)(A) of the Lanham Act protects against unfair competition based on false designations of origin. To state a claim for false designation of origin, a plaintiff must allege it was "either actually or likely to be damaged by the fact that the defendant used ['in commerce'] a 'false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which [wa]s likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.' " Lipscher v. LRP Publ'ns, Inc. , 266 F.3d 1305, 1312-13 (11th Cir. 2001) (first alteration added) (quoting *1275 15 U.S.C. § 1125(a)(1)(A) ). As relevant here, two kinds of unfair competition exist under the Lanham Act: (1) "passing off"; and (2) "reverse passing off." "Passing off ... occurs when a producer misrepresents his own goods or services as someone else's. 'Reverse passing off,' as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own." Dastar , 539 U.S. at 27 n.1, 123 S.Ct. 2041 (citations omitted).
The parties disagree as to whether Tecnoglass alleges a "reverse passing off claim." (Mot. at 10-11, 11 n.5; Resp. at 10-11.) In bringing this claim Tecnoglass alleges that RC Home misappropriated Tecnoglass's drawings, used the drawings in RC Home's NOA applications, and represented falsely to Miami-Dade County that the drawings belonged to RC Home. (Compl. ¶¶ 29-30, 34-36, 101-03.) Tecnoglass further alleges that consumers could be confused by the substantially similar product names used by RC Home. (Id. ¶ 39.)
Despite Tecnoglass's conclusory denial, these allegations precisely constitute a reverse passing off claim. Dastar , 539 U.S. at 27 n.1, 123 S.Ct. 2041. Tecnoglass's attempt to limit Dastar's application to actual selling of architectural elements by reliance on pre- Dastar case law is unpersuasive. (See Resp. at 10 (citing Smith v. Montoro , 648 F.2d 602, 605 (9th Cir. 1981) ).) " Dastar made it clear that there is no claim under the Lanham Act for copying, revising, and using a copyright-able work. Such claims exist if at all under copyright law." Francois v. Jack Ruch Quality Homes, Inc. , No. 03-1419, 2006 WL 2361892, at *13 (C.D. Ill. Aug. 14, 2006) (granting the defendant's motion for summary judgment as to the plaintiff's Lanham Act claim, while granting the plaintiff's motion for summary judgment on his Copyright Act claim because "[t]he Dastar definition and subsequent holding surely applies to the architectural plans at issue").
Tecnoglass's claim amounts to no more than that RC Home misrepresented to Miami-Dade County that the technical drawings were its own. Tecnoglass's additional allegations regarding consumer confusion fail because the alleged consumer confusion results from similarly sounding product names-not any false representation, or designation by RC Home. Further, although not addressed by the parties, it is unclear to the Court that Tecnoglass's Lanham Act claim could survive even if it were not duplicative of its copyright claim. In particular, the Lanham Act protects against false designations used in commerce and likely to cause consumer confusion. It is unlikely that use of the drawings in the NOA application constitutes commerce, or that Miami-Dade County can constitute a consumer, or both.
Accordingly, the Court dismisses Count 7 for Lanham Act Unfair Competition as duplicative of Tecnoglass's copyright infringement claim.
C. FDUTPA
RC Home also argues that Tecnoglass's FDUTPA claim is preempted by the Copyright Act. (Mot. at 15-16.) As Tecnoglass acknowledges, a "Federal cause of action under the Lanham Act often mirrors a cause of action brought under FDUTPA." (Resp. at 11, ECF No. 26 (citing Suntree Techs. Inc. v. Ecosense, Int'l , 693 F.3d 1338, 1345 (11th Cir. 2012) ).) More than "often" mirroring the cause of action, the Eleventh Circuit has held that "the legal standards we apply to [a FDUTPA] claim are the same as those we have applied under section 43(a) of the Lanham Act [ 15 U.S.C. § 1125(a)(1)(A).]" Crystal Entm't & Filmworks, Inc. v. Jurado , 643 F.3d 1313, 1323 (11th Cir. 2011). So, while " '[c]laims asserted pursuant to *1276 FDUTPA are not per se preempted by the Copyright Act[,] ... where ... the only unfair or deceptive practice is the same conduct which forms the basis of the plaintiff's copyright claim, the FDUTPA claim is preempted.' " Stripteaser, Inc. v. Strike Point Tackle, LLC , No. 13-62742-CIV, 2014 WL 866396, at *5 (S.D. Fla. Mar. 5, 2014) (Altonaga, J.) (quoting Pegasus Imaging Corp. v. Northrop Grumman Corp. , No. 8:07-CV-1937-T-27EAJ, 2008 WL 5099691, at *5 (M.D. Fla. Nov. 25, 2008) ). Thus, under the same analysis the Court applied to Tecnoglass's Lanham Act claim, the Court finds that Tecnoglass's copyright infringement claim precludes its FDUTPA claim. The Court therefore dismisses Count 6, Tecnoglass's claim for violations of FDUTPA.
D. Remaining State Law Claims
Regarding Tecnoglass's remaining state-law claims, the only argument put forth by RC Home is that the Court should, in its discretion, decline to exercise supplemental jurisdiction over these claims. (Mot. at 2.) This argument presumes dismissal of both Tecnoglass's federal causes of action, over which the Court has original jurisdiction. As discussed above, Tecnoglass sufficiently alleges a claim for copyright infringement. The Court will not dismiss the remaining state law claims on this ground.
However, the Court notes that to succeed on its state law claims, Tecnoglass will need to satisfy the Eleventh Circuit's extra element test to avoid copyright preemption. See Bateman v. Mnemonics, Inc. , 79 F.3d 1532, 1549 (11th Cir. 1996) ("Given the backdrop of federal preemption pursuant to section 301 of the Copyright Act, we must carefully review this state law claim to ascertain whether it requires an 'extra element' for recovery, for a state law claim is not preempted if the 'extra element' changes the nature of the action so that it is qualitatively different from a copyright infringement claim.") (internal quotations and citations omitted). As RC Home did not argue copyright preemption as to these claims, the Court takes no position on whether Tecnoglass's remaining state law claims satisfy the extra element test.
4. Conclusion
After having reviewed the parties' arguments, the Complaint, and the relevant legal authorities, this Court grants in part and denies in part RC Home's Motion to Dismiss (ECF No. 19 ). Tecnoglass's claim for copyright infringement (Count 1) remains, along with the state law claims for injunctive relief (Count 2), breach of contract (Count 3), unjust enrichment (Count 4), and tortious interference with business relationship (Count 5). Tecnoglass's claim for Deceptive and Unfair Trade Practices under Florida Law is dismissed (Count 6). And Tecnoglass's claim for unfair competition under the Lanham Act is dismissed (Count 7). As Counts 6 and 7 are dismissed on preemption grounds, the deficient allegations cannot be fixed with amendment; therefore, the Court dismisses these claims with prejudice.
Tecnoglass shall have until February 24, 2017, to file its Amended Complaint, consistent with this Order. RC Home shall file a response no later than fourteen days after service of the Amended Complaint.
Done and ordered , in chambers at Miami, Florida, on February 10, 2017.

Tecnoglass alleges that RC Aluminum is "not affiliated to [sic] Defendant RC Home...." (Compl. ¶ 3). Although not germane to the Court's analysis, the Court notes that at the time Tecnoglass acquired its rights from RC Aluminum, Raul Casares served as president of both RC Aluminum and RC Home. Corporate records are publicly available at the State of Florida, Division of Corporations website. In accordance with Federal Rule of Evidence 201(c)-(d), a "district court may take judicial notice of certain facts.... Public records are among the permissible facts that a district court may consider." Universal Express, Inc. v. U.S. S.E.C. , 177 Fed.Appx. 52, 53 (11th Cir. 2006) (citations omitted).

An NOA itself is a government form and not subject to copyright protection. Cf. G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc. , 958 F.2d 896, 904 (9th Cir. 1992) (recognizing airworthiness certificate issued by the FAA "is a government form as to which no protection from copying exists." (citing 17 U.S.C. § 105 ) ).

Throughout the Complaint Tecnoglass casually interchanges the terms "drawing" and "design," which serves only to complicate and confuse the statutory analysis. However, the copyright registrations at issue here clearly show that Tecnoglass seeks to assert a copyright infringement claim as to "technical drawings." See Compl. Ex. C-H.